ANDREW BRANDUP *vs.* ST. PAUL FIRE & MARINE INSURANCE
COMPANY.

## December 30, 1880.

**Fire Insurance Company Chargeable with its Soliciting Agent's Knowledge of other Insurance—Waiver of Condition.**—F. was "soliciting agent" for defendant and another insurance company, with authority from defendant, as "soliciting agent," to receive and forward for its approval applications for insurance. B. applied to him, at the same time, for insurance upon the same property against fire in both companies. The agent filled up the application to defendant, which was signed by B., explaining to him how the question in regard to other insurance should be answered. The application did not mention the contemplated insurance in the other company, but the agent was to notify defendant of it. Upon this application defendant issued its policy, and sent it to F. for delivery. He delivered it at the same time with the policy of the other company, defendant's policy not having endorsed on it a consent to such other insurance. *Held*, that defendant was chargeable with its agent's knowledge of the application for and issuance of the policy of the other company, and that, by delivering its policy without endorsing its consent to the other insurance, it waived, as to such other insurance, a condition in its policy avoiding the policy in case of other insurance unless its consent thereto were endorsed on the policy.

Appeal by defendant from an order of the district court for Wilkin county, *Brown*, J., presiding, refusing a new trial.

*Harvey Officer*, for appellant.

*Wilson & Lawrence*, for respondent.

GILFILLAN, C. J.   Action on a policy of fire insurance, issued by defendant to plaintiff. The policy contained this condition: "If the assured shall have or shall hereafter make any other contract of insurance, whether valid or not, on the property hereby insured, or any part thereof, without the consent of the company written hereon,   *   *   *   this policy shall be void." One of the defences was that after the issuance of this policy, the plaintiff procured the issuance, by the Continental Insurance Company, of a policy insuring the same property, of which defendant had no knowledge or

notice, and to which it did not consent, and did not indorse its consent on its policy, by reason whereof its policy became void prior to the loss.    These facts do not seem to have been controverted in the evidence.    One Charles B. Falley was what is called "soliciting agent" for both the companies at the place where the property insured was situated.    His authority as "soliciting agent," from defendant, was to receive and forward for its approval applications for insurance.    Plaintiff applied at the same time to the agent for insurance in both companies.    Written applications therefor were written by the agent and signed by plaintiff, and then forwarded by the agent to the respective companies.    The application to defendant made no mention of other insurance, either perfected or applied for.    The agent instructed plaintiff how the question in the application in regard to other insurance should be answered, and it was so answered, and the agent was to notify the company of the other insurance.    The applications were approved, and policies made out by the respective companies and forwarded to the agent, Falley, and were by him delivered at the same time to plaintiff.    The premiums were paid to the agent, either when the applications were signed or when the policies were delivered.    There was no endorsement on defendant's policy in respect to the insurance in the other company.

The application to defendant's soliciting agent was made with notice to him that plaintiff desired and intended to procure other insurance on the same property.    It was, in effect, an application for a policy which would permit such other insurance.    Notice of that to the agent was notice to the company.    To ascertain what was desired from the company in the way of insurance, on the part of the applicant, was certainly within the authority of the agent; and notice to him of what was desired was notice to his principal, and his explanation of the questions put to the applicant in the application, and of the proper answers to them, the applicant

acting in good faith, were binding on his company. *Malleable Iron Works* v. *Phœnix Ins. Co.,* 25 Conn. 465; *Sandford* v. *Handy,* 23 Wend. 260; *Nelson* v. *Cowing,* 6 Hill, 336; *Moliere* v. *Pa. Fire Ins. Co.,* 5 Rawle, 342; Wood on Fire Ins. § 386.

Plaintiff had a right to expect a policy that would permit the other insurance which the defendant knew he desired and intended to procure; and when the policy came to him, he had a right to assume that it was such as he had applied for, and that the company waived any conditions in the policy apparently inconsistent with his right to procure the other insurance. This was especially so when the defendant entrusted the final act of executing the policy—the delivery—to its soliciting agent, (which was authority in addition to that of mere "soliciting agent,") and such agent then actually had in his hands for delivery the policy for the other insurance, and delivered it with that of defendant. Any fact the agent at that time had notice of, the knowledge of which came to him as agent, that would affect its policy, defendant had notice of. The defendant, therefore, delivered its policy, knowing that at the same time a policy for other insurance became effectual. It thereby waived its right to object to such other insurance. We do not see anything in the point made by defendant in respect to the amount of the recovery.

Order affirmed.