PRATT, J.   Foreclosure by advertisement, in which the defendant purchaser refused title solely because of the alleged defect in the foreclosure in not giving notice of the sale to the "personal representatives" of the deceased mortgagor, required by the statute (chapter 346, Laws 1844).   The case, as agreed upon, shows that the mortgage was made by Patrick Connell and Mary Daly Connell, his wife, and that the notice of sale was served on Patrick Connell, but that Mary Daly Connell had deceased before the foreclosure, intestate.   Whatever rights in the mortgaged premises Mary Daly Connell died seised and possessed of passed to her heirs at law, and not to her personal representatives.   No administration was ever had upon her estate, and there is nothing to show who her heirs were.   In Low v. Purdy, 2 Lans. 424, notice had been served upon the heirs, but not upon the personal representatives, and it was there held that such service was a nullity, and that "heirs" and "personal representatives" are two separate and distinct classes of persons, and that the statute prescribes service upon the personal representative, and not the heirs. It would appear, then, that there were no personal representatives of Mary Daly Connell to serve with notice.   Her husband and comortgagor was served, and all the other proceedings are confessedly regular.   The foreclosure was in 1866, and there is nothing before the court showing any outstanding equity in the estate of the heirs of Mary Daly Connell to warrant disturbing the sale under this foreclosure after so many years.   Anderson v. Austin, 34 Barb. 321; Cole v. Moffitt, 20 Barb. 18; Hubbell v. Sibley; 5 Lans. 51; King v. Duntz, 11 Barb. 191.   Judgment for plaintiff.   All concur.

---

### GRAY et al. v. GERMANIA FIRE INS. CO.

(Supreme Court, General Term, Second Department.   February 11, 1895.)

INSURANCE—CONDITION OF POLICY—CONSENT TO PROCURE OTHER INSURANCE.
  Where the insured told the agent through whom he procured the policy that he intended to insure for a certain amount, and that two-thirds of it was to be placed in other companies, and the agent agreed to issue the policy on that state of facts, and, when he delivered the policy, said that it was all right, there was a sufficient "consent by the company" to the procuring of other insurance, as required by the policy.   Allen v. Insurance Co., 25 N. E. 309, distinguished.

Appeal from circuit court, Rockland county.

Action by C. Crozier Gray and another against the Germania Fire Insurance Company of the City of New York on a fire insurance policy.   From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

The opinion of Mr. Justice BROWN, denying the motion for a new trial, is as follows:

None of the authorities cited by the learned counsel for the defendant in support of his motion for a new trial are applicable to the facts disclosed by the evidence.   Almost all of them relate to cases where the event which violated the condition happened, and the consent of the agent upon which a waiver was predicated was given, after the policy was issued.   The case of

Allen v. Insurance Co., 123 N. Y. 6, 25 N. E. 309, is distinguished from the case at bar by the fact that Noble, who procured the insurance for the plaintiff, was an insurance broker, and was not the agent of the defendant. This case falls easily within the rule applied in Van Schoick v. Insurance Co., 68 N. Y. 434; Berry v. Insurance Co., 132 N. Y. 49, 30 N. E. 254; and numerous other kindred cases cited upon the plaintiffs' brief. Upon the facts as determined by the jury, it is very plain that neither plaintiffs nor the agent intended to make a contract that would become void if insurance in other companies was effected. The agent was told that plaintiffs intended to insure for $3,000, and that two-thirds of it was to be placed in other companies. He agreed to issue the policy in suit, upon that state of facts, and his statement when he delivered the policy, that "it was all right," had reference to the former conversation, and was, in effect, a consent that the plaintiffs could procure other insurance. The agent represented the defendant, and had power to waive the condition against other insurance, and must be deemed to have done so when he delivered the policy. The line drawn by the decision is very clear between cases in which oral consent of an agent, given after the delivery of a policy, has been held ineffectual to waive its condition, and cases where the insurance company has been held to be estopped from asserting a forfeiture by reason of the knowledge of its agent, acquired prior to the issuing of the policy, of the facts upon which the claim of forfeiture was based. The facts of this case, as determined by the jury, bring it within the latter class. The motion for a new trial must therefore be denied, and the plaintiffs may have an allowance of 5 per cent. upon the amount of the recovery.

Argued before DYKMAN and PRATT, JJ.

Ernest Hall, for appellant.

S. H. Stuart, for respondents.

PER CURIAM. This case is upon a fire insurance policy. It should be affirmed upon the opinion of the circuit judge rendered upon the motion for a new trial. Affirmed, with costs.

---

(84 Hun, 379.)

## CLAPP v. McCABE et al.

(Supreme Court, General Term, Second Department. February 11, 1895.)

1. MORTGAGES—FORECLOSURE—DESCRIPTION OF PREMISES IN DECREE.
    In an action to foreclose a mortgage which has been released except as to a portion of the premises described in the release by metes and bounds, the complaint and the notice of lis pendens described the entire parcel, and recited the release, referring to it "for a more particular description of the premises thus released." The prayer for relief was that the mortgaged premises be decreed to be sold. The decree directed a sale of the "mortgaged premises described in the complaint," and then described the premises as originally mortgaged, and continued: "Excepting and reserving out of the above-described premises the portion described in the release as not released." Held, that the provision of the decree excepting the portion of the premises not released was inadvertent, and the effect of the decree would be limited to the portion not released.

2. JUDGMENT—COLLATERAL ATTACK.
    In an action to foreclose a mortgage on certain premises described in the complaint, a decree directing a sale of lands not described is void, though the owner of such other lands was made a defendant in the action. Bank v. Blye, 23 N. E. 805, distinguished.

Appeal from judgment on report of referee.