60   275
s64   149

LUCIEN G. QUIGLEY and Others, Executors, v. ST. PAUL TITLE INSURANCE & TRUST CO.[1]

February 13. 1895.

Nos. 9201, 9176.

**Insurance—Waiver of Condition.**

The principle laid down in Wilson v. Minnesota Farmers' Mut. Fire Ins. Ass'n, 36 Minn. 112, 30 N. W. 401, and other cases, that when an insurance policy contains a condition which renders it void at its inception, and this is known to the insurer when he issues the policy, he thereby waives the condition, applied to a policy of title insurance.

**Title Insurance—Negligence of Insurer—Amount of Recovery.**

The insurer agreed to indemnify, save harmless, and insure the insured mortgagee against loss, not exceeding $2,200, by reason of incumbrances on the mortgaged premises and of defects in the title to the same; and further agreed, in case of suit, to defend the same for and in the name of the mortgagor, or pay the claim on which suit is brought, or pay the insured the amount of the liability under the policy. The insurer undertook the defense of such a suit, and assumed to save the insured mortgagee harmless, but a loss occurred by reason of the negligence of the insurer. *Held*, under the provisions of the policy, which are more fully set out in the opinion, the amount of recovery for loss caused by such negligence is not limited to $2,200.

Action in the district court for Ramsey county by the executors of John O. Quigley, deceased, to recover $3,500, with interest. The nature of the action is stated in the opinion. The answer set out in full the application for, and the policy of, insurance, and alleged that the statement contained in the question concerning the existence of mechanics' liens, and the answer thereto in the application for insurance, was false, was known by the applicant to be false; that he made other false statements; and defendant would not have issued its policy but for such false statements. When plaintiffs rested at the trial, defendant's motion for a verdict in its favor was overruled. The jury impaneled was then discharged, and the case was tried before Brill, J., who found that at the time defendant received the application and issued the policy it had full knowledge of the facts (so far as they were known to the applicant)

[1] Reported in 62 N. W. 287.

that a building was in course of construction upon the .premises, and that certain persons who had performed labor and furnished materials for it had not been fully paid. From an order denying defendant's motion for a new trial, defendant appealed. Affirmed. From an order denying plaintiffs' motion for a new trial, plaintiffs appealed. Reversed.

*Stevens, O'Brien, Cole & Albrecht,* for appellant the Title Insurance Company.

The motion of defendant for a verdict in its favor should have been granted. Proof of the truth of the representations contained in the application was a condition precedent to recovery. Stensgaard v. St. Paul Real Estate Title Ins. Co., 50 Minn. 429, 52 N. W. 910; Price v. Phœnix Ins. Co., 17 Minn. 473 (497). The question and answer in the application was a continuing warranty, and, if the facts were materially different from the representations, then there was no contract between the parties. Campbell v. Aetna Ins. Co., 9 Allen, 540; Biddle, Insurance, § 543; Gilliat v. Pawtucket Ins. Co., 8 R. I. 282; Murdock v. Chenango Ins. Co., 2 N. Y. 210. The policy, having been .obtained by misrepresentations as to the existence of liens, which this court has construed to be warranties, never had any legal .effect. Falis v. Conway Ins. Co., 7 Allen, 46; Pennsylvania Ins. Co. v. Gottsman's Adm'rs, 48 Pa. St. 151; Brown v. Commonwealth Ins. Co., 41 Pa. St. 187; Carpenter v. American Ins. Co., 1 Story, 57, Fed. Cas. No. 2,428; Hutchins v. Cleveland Ins. Co., 11 Ohio St. 477. In law the rights of laborers and material men constituted liens, within the meaning of the policy. Wilbur v. Bowditch Ins. Co., 10 Cush. 446; Stout v. City Ins. Co., 12 Iowa, 371.

*Stiles W. Burr,* for respondents Quigley.

In Price v. Phœnix Ins. Co., the statements were held to be representations, and not warranties; and their untruth, matter to be pleaded and proved by the insurer. The question whether warranties were conditions precedent was not in the case. The modern rule is that warranties are not conditions precedent, and that the burden of pleading and proof of falsity of warranties, as well as of representations, is on the insurer. Continental Ins. Co. v. Rog-

ers, 119 Ill. 474, 10 N. E. 242; Piedmont Ins. Co. v. Ewing, 92 U.
S. 377; Redman v. Aetna Ins. Co., 49 Wis. 431, 4 N. W. 591; Jones
v. Brooklyn Ins. Co., 61 N. Y. 79; Van Valkenburg v. American
Ins. Co., 70 N. Y. 605; Murray v. New York Ins. Co., 85 N. Y. 236;
Swick v. Home Ins. Co., 2 Dill. 160, Fed. Cas. No. 13,692; Hola-
bird v. Atlantic Mut. Life Ins. Co., 2 Dill. 166, note, Fed. Cas. No.
6,587; Northwestern Mut. Life Ins. Co. v. Hazelett, 105 Ind. 212,
4 N. E. 582; National Ben. Ass'n v. Grauman, 107 Ind. 288, 7 N.
E. 233; Indiana Ins. Co. v. Rundell, 7 Ind. App. 426, 34 N. E. 588;
Indiana Ins. Co. v. Byrkett, 9 Ind. App. 443, 36 N. E. 779; Phœnix
Ins. Co. v. Stocks, 149 Ill. 319, 36 N. E. 408; Grangers' Ins. Co. v.
Brown, 57 Miss. 308; Boisblanc v. Louisiana Ins. Co., 34 La. Ann.
1167; Campbell v. New England Ins. Co., 98 Mass. 381; Simmons
v. Insurance Co., 8 W. Va. 474; Union Ins. Co. v. McGookey, 33
Ohio St. 555; Trenton Ins. Co. v. Johnson, 24 N. J. L. 576; Leete v.
Gresham Ins. Society, 7 Eng. L. & Eq. 578; Wheelton v. Hardisty,
8 El. & B. 232, 298.   There was no warranty.   The policy referred
to the application.   By the terms of the application, it was agreed
that the statements were true "to the best of the applicant's knowl-
edge and belief."   Such a warranty was to be controlled by the
same rules as other representations.   Aetna Ins. Co. v. Grube, 6
Minn. 32 (82); Redman v. Hartford Fire Ins. Co., 47 Wis. 89, 1 N.
W. 393; Fitch v. American Ins. Co., 59 N. Y. 557; Mulville v.
Adams, 19 Fed. 887; Clapp v. Massachusetts Ben. Ass'n, 146 Mass.
519, 16 N. E. 433; Elliott v. Hamilton Ins. Co., 13 Gray, 139; Garce-
lon v. Hampden Ins. Co., 50 Me. 580; May, Ins. § 161.

*Stiles W. Burr*, for appellants Quigley.

The insurance clause in the policy imposed the same obligation
upon the insurer as the modern covenant of warranty on the cove-
nantor.   Rawle, Cov. Tit. (5th Ed.) § 116 et seq.; Devlin, Deeds,
§ 935 et seq.   The clause agreeing to defend the insured in all
actions either imposed on the defendant no other or greater lia-
bility than the insurance clause, or else it imposed a positive, af-
firmative obligation on the insurer, somewhat similar to that of
an attorney who has accepted a retainer in a like action, with the
added duty to pay all costs and expenses.   If the latter, then its
liability for losses sustained through its negligence would be the

full amount of actual damages sustained. Weyerhauser v. Dun, 100 N. Y. 150, 2 N. E. 274.

CANTY, J. On July 1, 1889, one Amelia Kingsley was the owner of a certain city lot in St. Paul, and was then erecting a building thereon, which was not completed for several months thereafter. She procured a loan of $2,200 of plaintiffs' intestate, John O. Quigley, and mortgaged the lot to him to secure the repayment of the same. The mortgage is dated on that day, but was not recorded until October 22, 1889. The business of the defendant corporation is that of insuring titles, and on September 20, 1889, a written application was made to it by Quigley's agent to insure the title of this lot to the extent of the mortgage interest of Quigley therein. The application was accepted, and a policy of insurance dated October 22, 1889, issued to Quigley accordingly. Thereafter Quigley foreclosed the mortgage, and bid the lot in at the foreclosure sale. The time to redeem expired on February 26, 1892. No redemption was made, and Quigley became the owner of the lot. But between October 10, 1889, and April 10, 1890, work and labor of the value of $95 was performed for Mrs. Kingsley in painting the building as a part of the erection of the same. A mechanic's lien was filed therefor. Suit was brought to foreclose the same, in which Quigley was made a party, and a judgment of foreclosure was entered, adjudging the mechanic's lien paramount to the lien of the mortgage. The lot was sold to satisfy the judgment, and the time to redeem from that sale expired on August 18, 1892, and no redemption was made. This divested the title of Quigley which he had acquired under his foreclosure sale nearly six months before. The defendant was duly notified by Quigley of the commencement of the suit, and undertook and conducted the defense of the same in the name of Quigley under the provisions of the policy.

The complaint in this action alleges that Quigley was in his lifetime a resident of New York, and that neither he nor these plaintiffs had any knowledge or notice of the entry of said judgment, nor of the sale under it, until after the time to redeem from that sale had expired. The action is brought to recover from defendant as damages the value of the lot,—which is alleged to be $3,500,—on

the ground that it was the duty of defendant to indemnify and save harmless Quigley and these plaintiffs from this mechanic's lien, and that defendant was negligent in failing to satisfy the lien, and in failing to pay the sum necessary to redeem from the sale under the judgment before the time to redeem from that sale expired, and in failing to notify plaintiffs that it did not intend to redeem, and thereby give plaintiffs an opportunity to do so. The case was tried by the court below without a jury. Judgment was ordered for plaintiffs for $2,200 and interest, and each party made a motion for a new trial, and appeals from an order denying such motion.

1. We will first consider the appeal of the defendant. Said application contains the following provisions: "It is agreed that the following statements are correct and true to the best of the applicant's knowledge and belief, and that any false statements or any suppression of material information shall avoid the said policy. * * * Present value of buildings? $2,800, when completed. Are there any incumbrances on the property; any mortgages, judgments, mechanics' or other liens; * * * any pending or threatened litigations, any of which affect any part of the above property, known to to you or rumored? State fully. Nothing except mtges. of $500 and $500, which are to be satisfied. Are any of said incumbrances, if any, to remain; and which not? Only the $2,200 now insured." At the time the application for the insurance was made, no part of the labor or material for which said mechanic's lien was filed had been furnished, but other labor and material had been furnished in doing other portions of the work of constructing the building, and of the amount to be paid for the same there remained unpaid the sum of $1,700, all of which was afterwards paid out of the proceeds of said loan.

It is contended by defendant that the amounts due on these unpaid claims constituted mechanics' liens on this lot; that the application warranted the truth of the above-quoted representations, which were false; and that the falsity of the same avoided the policy, even though no loss or prejudice resulted to defendant by reason of the falsity of the representations. In answer to this, we will say that it appears from the recitals in the policy that defendant had full knowledge of the existence of these unpaid claims for labor and material when it issued the policy, and must be held to

have waived the false warranty as to them, under the rule laid down in Brandup v. St. Paul F. & M. Ins. Co., 27 Minn. 393, 7 N. W. 735, and Wilson v. Minnesota Farmers' Mut. Fire Ins. Ass'n, 36 Minn. 112, 30 N. W. 401. By the terms of the policy the defendant excepts from its liability the defects and liens set forth in Schedule B of the policy. Among the things so enumerated in Schedule B is, "(4) Provisions of an agreement between said mortgagors and Joseph M. Lee," giving Lee "a lien upon said premises for such sum as may remain unpaid upon the construction of the building upon said premises," and stating the register's number, and date of record of this agreement in the register's office. This agreement was introduced in evidence on the trial. It is dated October 8, 1889, and states that $1,700 then remained due and unpaid "on account of the construction of said house and appurtenances." By its terms, Mrs. Kingsley agrees that Lee shall have a lien on the premises for any sums which he may advance in paying this claim. This reference in the policy to the Lee contract makes that contract and all the statements contained in it a part of the policy, and, by issuing the policy knowing these warranted representations to be false, the defendant waived them, and cannot now be heard to say that it intended to issue and deliver, not a valid policy, but a worthless piece of paper. The order appealed from by defendant should be affirmed.

2. We will next consider plaintiffs' appeal. It appears by the bill of exceptions that on the trial plaintiffs offered to prove that at the time their title to the lot was divested by the expiration of redemption on the mechanic's lien foreclosure, the lot was worth $3,200. Defendant admitted that at that time the lot was worth more than $2,200, and objected to the offer as incompetent and immaterial. On this admission the court sustained the objection, holding that by the terms of the policy the limit of defendant's liability was $2,200, and this ruling is assigned as error. We are of the opinion that this assignment of error is well taken. The policy, by its terms, limits the liability of the defendant for loss on account of certain kinds of defects and incumbrances to $2,200. But this limitation on its liability does not apply where the loss is caused by its own negligence in the performance of duties which it assumes to perform under the contract. The following are all the

parts of the policy which we deem material on the question now under consideration: The defendant, "in consideration of the sum of twenty-two dollars to it paid, doth hereby covenant that it will for the period of 25 years from the date hereof indemnify, keep harmless, and insure John O. Quigley, New York, the mortgagee named in a certain mortgage executed by Amelia Kingsley, * * * from all loss or damage not exceeding twenty-two hundred dollars, which the said insured shall, during said period of twenty-five years, sustain by reason of defects in the present title of said mortgagors to the real estate or interest described in Schedule A, hereto annexed, or by reason of liens or incumbrances affecting the same at the date hereof, or by reason of any defect apparent of record in the execution or filing for record of said mortgage, excepting only such as are set forth in Schedule B; subject to the conditions and stipulations hereinafter contained, and, together with said schedules, made a part of this policy." Attached to the policy, and made a part of the same, are, among others, the following stipulations and conditions:

"(1) This company will, at its own cost and charge, defend the insured in all actions of ejectment or other proceedings founded upon a claim of title or incumbrance prior in date to this policy, and not herein and in Schedule B excepted; reserving, nevertheless, the option of settling the claim, or of paying the amount of its liability at that time under this policy; and payment, or tender of payment, of such amount shall determine all liability of the company under such claim. In case any such action or proceeding is begun, it shall be the duty of the insured to notify the company thereof in writing, within ten days after service of the summons therein, and secure to it the right to defend the action or proceeding, and to give all possible assistance therein; but such defense by the company shall not change or alter the rights or obligations of any of the parties hereto. If such notice shall not be so given, and such right to defend be secured to the company in such action or proceeding, then this policy shall be void."

"(3) As long as the interest of the insured in said real estate consists of a mortgagee's interest and subject to redemption, the company may, at its option, at any time, if it shall deem such action necessary for its protection under this policy, pay the amount then

remaining unpaid on said mortgage, and in that case the mortgagee or his assigns shall, by proper instrument, assign to this company said mortgage, together with the indebtedness secured thereby, or the proportion thereof remaining unpaid."

"(5) No right of action shall accrue under this policy ⁘ ⁘ ⁘ until the insured (unless absolved by the company) has, at the company's option, either assigned or conveyed, or in writing agreed on demand to assign and convey, to the company, or such person as it may name, all the right, title, and interest of the insured in and to said above-described real estate or interest, at the following price, viz.: (a) As long as the interest of the insured shall continue to be a mortgagee's interest, or still subject to redemption, the price to be paid shall be the amount then remaining unpaid on said mortgage indebtedness, or the amount necessary to permit such redemption. (b) If the interest of the insured shall by foreclosure and the expiration of the period of redemption have matured into an ownership in fee simple, the price to be paid, unless determined by mutual agreement, shall be the amount bid at said foreclosure sale, with interest thereon at legal rate from the date of such foreclosure sale, together with any and all subsequent expenditures by the insured for improvements, taxes, or assessments on said real estate, with interest at the legal rate on each of such expenditures from the date of the making thereof, less any sum or sums received by said insured from any partial redemption or sale of said real estate. (c) Any payment under this policy, whether made as the consideration of any such assignment or conveyance as aforesaid or otherwise, shall reduce the liability of the company hereunder by the amount of such payment."

"(7) Claim under this policy having been settled, the company shall be subrogated to all rights of action and remedies for recovery; and the insured hereby assigns and warrants to the company such rights, and agrees that his name may be used in all lawful proceedings therefor. If the payment does not cover the loss of the insured, the company shall be interested in such rights with the insured in the proportion of the amount paid to the amount of the loss not hereby covered; and the insured warrants that such rights of subrogation shall vest in the company, unaffected by any act of the insured."

It will be seen by an examination of the provisions in the body of the policy, above quoted, that the defendant agreed to indemnify, save harmless, and insure Quigley against loss from three different causes: (1) "Defects in the present title;" (2) "liens or incumbrances affecting the same at the date hereof;" (3) "any defect apparent of record in the execution or filing for record of said mortgage." Its liability for loss from these three causes is expressly limited to $2,200, and the insured has a right to recover that amount of loss arising from any or all of these three causes alone, and this fairly implies that, if his loss arises from some other cause besides these three, this limitation does not cover it also. In this case it is claimed that his loss does, at least in part, arise from some other cause, to wit, that of the negligence of defendant. Under said section or subdivision 1 of the stipulations and conditions attached to the policy, the defendant has the option to defend the suit, or pay the claim on which suit is brought, or pay the insured the amount of its liability under the policy. If it elects to defend the suit, it must be held to do so for its own benefit, and must exercise reasonable care; if it fails to do so, it is liable for any loss caused by such failure, and the limitation above quoted does not apply. Neither does the provision, "but such defense by the company shall not change or alter the rights or obligations of any of the parties hereto," contained in said section 1, relieve the company from liability for its negligence, but it also implies that such defense will be conducted with reasonable care, and must be read as if that condition was expressly attached to it. Even if the claim on which the suit was brought was one against which defendant had not insured the title, and against which it was not obliged to defend, still, if it voluntarily undertook to indemnify the insured, and defend the suit for him, it would be obliged to use reasonable care, and would be liable for its negligence or misconduct by reason of which he was misled and injured. It may be proper here to remark that no claim is made that the lien in question is not covered by the policy of insurance. Neither is it claimed that subdivision or section 5 above quoted in any manner limits the amount of recovery, and we cannot see that its provisions have any other effect than that of creating a condition precedent to the commencement of the action. It certainly cannot be held that the option there provided for must

be held open so as to give the insurer a chance to speculate on the amount of the verdict, and accept the option afterwards if more favorable to him than the verdict. Neither would the prices there provided for be in any sense the measure of damages. We are of the opinion that it was error to exclude the testimony offered.

The court also excluded the affidavit of one Stevens, who was an officer of the defendant corporation, and who was acting within the apparent scope of his authority when he made the affidavit, in which he set out the reasons why defendant failed to redeem the lot from the mechanic's lien foreclosure sale. The evidence was competent as an admission tending to prove negligence on the part of the defendant, and it should have been received. This disposes of the case.

The order denying defendant's motion for a new trial is affirmed, and the order denying plaintiffs' motion for a new trial is reversed, and a new trial is granted.