LUCIEN G. QUIGLEY and Others, Executors, v. ST. PAUL TITLE IN-
SURANCE & TRUST COMPANY.[1]

February 7, 1896.

Nos. 9652—(290).

**Evidence Considered.**

Certain propositions of law contended for by appellant *held* not war-
ranted by the evidence.

**Title Insurance—Construction of Policy.—Defense of Suits — Notice
to Insured.**

Action by the insured against the insurer on a title insurance policy.
*Held*, under the terms of the policy, when the insurer corporation under-
took to defend the title or interest of the insured, it was bound to pro-
tect him through all stages of the proceeding against him (as well after
the foreclosure sale as before the judgment in the proceeding), or else
notify him that it would not, and furnish him all necessary information
of the status of the proceeding in time to enable him to protect himself.

**Same—Withdrawal of Notice.**

When, after the giving of such a notice, the insurer defended the insured
in the proceeding, *held*, the notice was thereby withdrawn.

**Same—Evidence Considered.**

*Held*, further, the evidence is not sufficient to show that, after it aban-
doned any further attempt to protect him, it again gave him such a notice.

Appeal by defendant from an order of the district court for Ram-
sey county, Brill, J., denying a motion for a new trial. Affirmed.

*Stevens, O'Brien, Cole & Albrecht,* for appellant.

*Stiles W. Burr,* for respondents.

CANTY, J.   Most of the facts necessary to the understanding of
this case are recited in the opinion on the former appeal, in which
a new trial was granted.  See 60 Minn. 275, 62 N. W. 287.  The
case has since been tried a second time, resulting in a verdict for
plaintiff for the sum of $2,650, and from an order denying a new
trial defendant takes this appeal, which presents some questions
not presented by the former appeal.

On the last trial, two officers of the defendant company testified
in its behalf that they notified the loan agent, Lee, after the me-

[1] Reported in 66 N. W. 364.

chanic's lien foreclosure suit was commenced, and before the foreclosure sale in that suit, and again after the sale, and before the year to redeem expired, that the defendant would look to him to take care of that lien. There is also evidence tending to prove that, for the purpose of receiving such a notice, Lee was the agent of the mortgagee, Quigley, up to the time of his death. The evidence tends to prove that Lee, as agent for Quigley, had authority to look after and protect Quigley's rights as mortgagee in a number of mortgages held by him on St. Paul property, and that the receiving of such a notice was within the scope of Lee's authority. The amount of the mechanic's lien claim was but $95, the amount of the judgment in the foreclosure suit to enforce the same was but $139.48, and the mortgaged premises sold on the foreclosure sale for $157.56. By neglecting to redeem from this sale, the premises (found by the jury to be worth $2,650) were lost when the year to redeem expired.

It is contended by appellant that Quigley, through his agent, Lee, received notice from defendant that he must take care of this lien and redeem from the foreclosure sale, himself; that he was bound to do so; and that, by failing to do so, he could not increase the liability of defendant, whose contract with him was merely to indemnify and save him harmless, and insure his interest in the premises as mortgagee. It is contended that, under these circumstances, appellant is liable only for the amount of the incumbrance, which, at most, was only the amount necessary to redeem from the foreclosure sale, which was very much less than the value of the property. The court below did not accept these propositions as law applicable to this case, but charged the jury that plaintiff is entitled, in any event, to recover $2,200, the amount of the insurance policy, if the mortgaged premises were worth that much; and if they were not worth that much, he was entitled to recover the amount of their value. This is assigned as error.

Let us examine the evidence on which appellant claims that this rule of law should have been laid down. It was admitted on the trial, by defendant, that neither Quigley, nor his heirs or executors, had any knowledge of the mechanic's lien claim in question, or of the proceedings to foreclose the same, until after the year to redeem had expired, and that Quigley never had any notice of any of

these things, except such as could be imputed to him through the knowledge of Lee and the notices to him. Auerbach, the president of the defendant company, testified that, after the lien suit was commenced, and before the foreclosure sale under the same, he notified Lee that he (Lee) must pay the lien. For all that appears, this notice may have been given before defendant elected to take upon itself the defense of that suit, and for the purposes of this case we must assume that it was given before. If, after the giving of this notice, the defendant proceeded to contest the lien claim, it amounted to a withdrawal of its notice; and until it abandoned that contest, and again notified Quigley or his agent thereof, he would hardly be justified in paying the lien claim and the costs which defendant was incurring in defending the same, and in attempting to hold defendant liable to reimburse him for all he so paid. After defendant had abandoned any further defense of the lien suit, or any further efforts to protect Quigley from that claim, he was entitled to a new notice giving him the status of that claim at that time. The witness, Auerbach, testified that he again notified Lee, after the foreclosure sale, and during the year of redemption, that he (Lee) must redeem from the sale. It nowhere appears at what time during the year of redemption this notice was given. The year to redeem expired on August 17, 1892, and Quigley died on the 10th of March prior. The death of Quigley terminated Lee's agency, and, for all that appears, the notice may have been given to Lee after Lee's agency was thus terminated. The evidence of the other officer of defendant is still more indefinite as to when, during all the period from the time the suit was commenced until the time to redeem expired, he notified Lee that he (Lee) must pay the claim. Then we are of the opinion that the evidence is not sufficient to show that any such notice was given Lee, after defendant had abandoned the further defense of the lien suit, and before the death of Quigley.

Lee retained in his hands the proceeds of the mortgage loan, out of which he paid a large number of other liens similar to this. The evidence tends strongly to show that he held this money, not as the agent of Quigley, but as the trustee of the mortgagor, Mrs. Kingsley, and of this defendant, for the purpose of satisfying all such liens out of it, and thereby protecting defendant on this in-

surance policy; that this arrangement was made in lieu of a bond from the mortgagor to protect the defendant from these liens, and that the demands made on Lee by these witnesses were that he satisfy this lien out of this fund. But we do not place our decision on this ground, or consider what force should be given to this evidence in disposing of the case.

As we held on the former appeal, when, under the terms of this policy, the insurer undertook to defend the insured, it was bound to protect him through all stages of the proceeding, or else notify him that it would not, in time to enable him to protect himself. It was also bound to furnish him at such time all reasonable information of the status of the adverse claim, so as to enable him to take all proper precautions for his protection. The defendant failed to protect the insured, and has failed to prove that it gave him any such notice in time to enable him to protect himself; therefore, as a question of law, the plaintiff was entitled to recover full compensatory damages. This disposes of all the questions raised worthy of consideration and not disposed of by the former appeal.

The order appealed from is affirmed.