JOHN F. KELLY and Another v. CITIZENS' MUTUAL FIRE ASSOCIA-
TION.[1]

December 22, 1905.

Nos. 14,444—(66).

**Insurance—Reformation of Policy.**

A fire insurance policy for $1,500 on a stock of merchandise, when de-
livered to the assured, contained the usual clause in the printed portion
that it would become void "if the assured now has or shall hereafter
make any other insurance on the said property without the assent of
the company." There was also attached to the policy a rider, as follows:
"$1,500 total concurrent insurance (including this policy) consented to
on merchandise." In an action by the assured to reform the policy to
make it conform to the agreement that other insurance was to be per-
mitted, and to enforce payment, a fire having occurred, *held*, that the
provisions of the policy with reference to other insurance were ambig-
uous, and in the absence of fraud or laches the policy was subject to
reformation and enforcement, in a proper action.

**Evidence.**

The evidence was sufficient to support the finding that the actual con-
tract was to permit other concurrent insurance.

**Insurance Solicitor.**

A soliciting agent, with authority to take applications for insurance
and submit them to the company, and who is intrusted by the company
with a policy to be delivered to the assured, is the representative of his
principal in all matters naturally connected with and incidental to pro-
curing the application; and if during such negotiations, and prior to the
delivery of the policy, such agent is informed that other insurance is car-
ried by the assured, the company is bound by such knowledge.

Action in the district court for Scott county by John F. Kelly and
Norman Fetter as trustees of C. H. Grafenstatte, to reform a fire in-
surance policy issued by defendant and recover thereon $1,500. The
case was tried before Cadwell, J., who found in favor of plaintiffs as
prayed. From an order, Morrison, J., denying a motion for a new trial,
defendant appealed. Affirmed.

*S. B. Wilson,* for appellant.

*Harris Richardson, Harold C. Kerr,* and *H. J. Peck,* for respondents.

[1] Reported in 105 N. W. 675.

LEWIS, J.

Appellant company had its headquarters at the city of Mankato, and July 31, 1902, Mr. Southworth, their agent at Shakopee, solicited insurance from Mr. Grafenstatte, a local merchant, upon his stock of goods. A policy for $1,500 was written and delivered, good for one year from August 1, 1902. In July, 1903, the policy, being about to expire, was renewed for one year upon application by the agent. After the policy was delivered and went into effect a fire occurred which totally destroyed the property, and respondents were appointed trustees of Mr. Grafenstatte, and brought this action for the purpose of reforming the policy to make it comply with the actual contract with reference to permission for concurrent insurance, and to enforce payment.

The policy was of the standard form and contained the usual provision that it should be void "if the assured now has or shall hereafter make any other insurance on the said property without the assent of the company." At the time the agent received the new policy from the company there was attached to it a rider, dated July 26, 1903, which contained a description of the property insured, the amount of insurance, and the following clause:

> $1,500 total concurrent insurance (including this policy) consented to on merchandise.

The agent took the policy to the store of the insured for the purpose of delivering it to Grafenstatte, and while there, but before the policy was delivered, he was informed by Mr. Grafenstatte that the same property was already insured with other companies to the amount of $6,000. The policy here involved was then delivered by the agent, and upon the trial the court found that the contract between the parties was that concurrent insurance was to be permitted, reformed the policy accordingly, and ordered judgment for the full amount thereof. The question of waiver by the agent of the contract provisions has been argued, but is not involved. If the contract was as claimed by respondents, nothing was waived.

1. That an action may be brought to reform a writing so as to make it conform to the actual contract is elementary, and nothing appears in this case to prevent the application of the remedy. Appellant claimed the policy was definite and prohibited other insurance. The

rider was in printed form, with the exception of the figures "$1,500," which were written in. Had those figures not been inserted, concurrent insurance would have been permitted, and it is claimed by the assured that they were written in by mistake. On its face, then, the contract could hardly be said to express the agreement as the assured claimed it to be.

2. With the exception of the policy itself, the evidence was exceed-ingly meager. The stock of goods insured amounted to about $14,000. The court was entitled to consider the probability as to what a prudent merchant would do under the circumstances—whether he would not be likely to carry more than $1,500 insurance. The agent had solicited the original policy, knew the value of the stock insured, and, if he did not know before, was informed, prior to the delivery of the policy, that the sum of $6,000 additional insurance was carried in other companies. The agent testified that he knew the insured carried other insurance, but made no explanation of why he had delivered the policy with the inconsistent rider. If it had been the intention not to permit other insurance, a more natural way of indicating such fact would have been to strike out the provision, or leave the blank space unchanged; but, instead of so doing, some one at the company's office wrote in the figures "1,500." The amount of the policy being $1,500, technically the permit was executed before it left the office. It was a fair inference, under such conditions, that the blank space had been filled in by mistake, and the evidence was sufficient to justify the finding of the court.

3. The attempt was made on the part of the company to show that the agent was merely a soliciting agent, with limited power, and that his knowledge of the fact that there was other insurance at the time he delivered the policy did not bind the company. At the trial it was shown that E. and W. N. Southworth were copartners, conducting a law and insurance business at Shakopee; that their duties with respect to this company were to solicit insurance and forward applications to the home office, where such applications were passed on, and, if approved, the policies were written. It is not necessary at this time to determine to what extent such an agent is endowed with authority to bind his principal, under section 25, c. 175, p. 401, Laws 1895; but so far as this case is concerned there can be no question. The agent was the medium through which the company communicated with insured.

To ascertain the nature of the insurance wanted was a part of his duties as a soliciting agent, with authority to make applications. Such is the rule in this state.

In the case of Brandup v. St. Paul F. & M. Ins. Co., 27 Minn. 393, 7 N. W. 735, it was held that the company was chargeable with the agent's knowledge of insurance in another company, and that by delivering its policy without indorsing its consent to other insurance it waived a condition of the policy avoiding it for such cause. It was also held in that case that the insured had a right to assume that when the policy was received by him it was such a one as he had made application for, and that the company had waived all conditions in the policy apparently inconsistent with his right to procure other insurance; stress being laid upon the fact that the company had intrusted its agent with the delivery of the policy. This case was followed in First Nat. Bank v. American Cent. Ins. Co., 58 Minn. 492, 60 N. W. 345, and Quigley v. St. Paul Title Ins. & Trust Co., 60 Minn. 275, 62 N. W. 287.

The conclusions of the court were justified by the evidence, and cannot be disturbed upon any of the questions of fact submitted, and we find no errors in any of the rulings.

Order affirmed.