JOHN F. KELLY and Another v. LIVERPOOL & LONDON & GLOBE IN-
SURANCE COMPANY.[1]

April 5, 1907.

Nos. 14,854—(42).[2]

**Insurance—Concurrent Insurance.**

The fact at the time of its contract an insurance company has knowl-
edge of other insurance upon the property does not justify the inference
that it assented to additional insurance subsequently taken out by the
assured.

**Evidence.**

The evidence and findings do not justify an order for judgment that
the policy be reformed and that plaintiffs have judgment for the amount
of the policy.

On Reargument.

July 12, 1907.

**Evidence.**

Evidence considered on reargument and held to sustain the findings
of the trial court.

Action in the district court for Scott county to recover $1,500 upon
a fire insurance policy. The case was tried before Morrison, J., who
found in favor of plaintiffs for the amount demanded. From the
judgment entered pursuant to the findings, defendant appealed. Af-
firmed.

*M. H. Boutelle* and *N. H. Chase,* for appellant.

*Harris Richardson, Harold C. Kerr,* and *H. J. Peck,* for respond-
ents.

On April 5, 1907, the following opinion was filed:

LEWIS, J.

The purpose of this action is to reform and recover upon a fire in-
surance policy of $1,500 issued on a stock of goods to one Grafenstadt,

[1]Reported in 111 N. W. 395, 112 N. W. 870, 1019.
[2]October, 1906, term.

of Shakopee. The policy is the standard form, and contains the usual provision that it should become void if other insurance be procured without the consent of the insurer. The complaint alleges:

> That by mutual mistake and inadvertence the words "or if the assured now has or shall hereafter make any other insurance on the said property without the assent of the company" were not stricken out from said policy, * * * and that by mutual misunderstanding and mistake between said Grafenstadt and said defendant the words "concurrent insurance permitted" were not inserted in said policy.

The local agent of appellant company, Mr. Storer, testified on behalf of plaintiff that he knew there was $4,500 other insurance upon the stock when the policy in question was taken out, but that through oversight he had failed to insert the clause, "concurrent insurance allowed;" that he should have written in the policy, "Total concurrent insurance, $6,000." The witness stated that he had no knowledge of any other insurance than the $4,500 mentioned, that Grafenstadt did not tell him he proposed to take out any other insurance, and that he never had any notice or knowledge that any additional insurance was to be or was taken out until after the fire. Mr. Grafenstadt testified that at the time Mr. Storer talked with him about taking out the policy nothing was said about other insurance, or how much he was to carry.

The trial court found that appellant company agreed with Grafenstadt that he "might have concurrent insurance on said property," that at the time the policy was taken out there was other insurance on the property of $6,000, that after the policy in question was issued Grafenstadt procured other concurrent insurance upon the stock to the amount of $2,000, and that at the time of the fire there was a total of $9,500, including the policy in question. Under the head "Conclusions of Law" the court found:

> That at the time said policy was issued by said defendant said Grafenstadt and said defendant knew that said Grafenstadt had other insurance on the property referred to therein, and intended that he should be permitted to have other insurance

thereon, and that by mutual misunderstanding and mistake between said Grafenstadt and said defendant, and by inadvertence on the part of said Storer, the agent of said defendant, the words, "concurrent insurance permitted" were not added to said policy or inserted therein, but were omitted therefrom.

Judgment for the amount was ordered upon the policy as reformed.

The judgment must be reversed, upon the ground that there is no evidence to support the finding to the effect that appellant agreed that Grafenstadt might have other insurance on the property in addition to the amount taken out at the time of the contract, and upon the ground that the findings of fact do not support the conclusions of law. The policy was void on account of $2,000 subsequent insurance. This new insurance cannot be treated as "concurrent," unless it was agreed by appellant that it might be taken out. There is no evidence whatever connecting appellant with it. The mere fact that the appellant knew he had some other insurance already does not justify the inference that the appellant was willing Grafenstadt should go ahead and take out more. In this respect the case differs from Kelly v. Citizens Mut. Fire Assn., 96 Minn. 477, 105 N. W. 675.

Judgment reversed, and judgment ordered for appellant.

Plaintiffs' petition for reargument having been granted, on July 12, 1907, the following opinions were filed:

BROWN, J.

Further consideration of the record in this case on reargument discloses important items of evidence inadvertently overlooked on the former hearing and of a nature to change entirely the conclusion we then reached. Practically the only question presented by the assignments of error is whether the findings of the trial court are sustained by the evidence.

The principal facts are fully stated in the former opinion and need not be repeated. The action was brought to reform, and to recover thereon as reformed, a policy of insurance issued to one Grafenstadt for the sum of $1,500 upon his stock of merchandise. The defense to recovery upon the policy was that other insurance had been placed

upon the property without the consent of defendant, in violation of the terms of the policy, and that it was consequently void. To avoid the effect of this defense, plaintiffs alleged and claimed that it was understood and agreed between the defendant and Grafenstadt, at the time the policy was issued, that other concurrent insurance was consented to; and they prayed that the policy be reformed by incorporating therein that understanding. The trial court found the facts in harmony with the plaintiffs' contention, and ordered the policy reformed accordingly. We have only to inquire whether there is any evidence in the record reasonably tending to support this finding.

That the evidence does reasonably tend to support the finding a majority of the court now have no serious misgivings. Grafenstadt's stock of goods was of the value of $14,000, and at the time this policy was issued he had previous policies thereon in other companies, aggregating $4,500. Of this he informed the agent of defendant before the policy in question was issued, and exhibited to him the other policies. This fact the agent admits, and it is nowhere questioned in the evidence. So we start with the conceded fact that the agent knew of existing insurance, which, by issuing the policy in question, he must have consented to. The policy in question contained the usual condition that "if the assured now has or shall hereafter make any other insurance on the said property without the assent of the company," the policy should be void. Two other policies were taken out after the issuance of that in question, and a fair view of the evidence justified the court in concluding that they came within the consent given by the agent. That there was a mistake in not incorporating this understanding in the policy is clearly shown by the testimony of the agent. He was called as a witness by plaintiffs, and on direct examination testified as follows:

> Q. You have written policies, Mr. Storer, in which there was other insurance upon the property at the time, have you not? A. Yes, sir; I have. Q. Where there is other property—other insurance upon property at the time you issue a policy, isn't it customary to insert the clause in it, "Concurrent insurance allowed"? A. "Concurrent insurance allowed"; yes, sir. Q. Then, when you wrote this policy, it was an oversight

its not being put into this policy? A. It was; yes, sir. Q. You intended to put it in, but neglected to by an oversight? A. Yes, sir; in my hurry.

This, in connection with other testimony, disclosed without serious doubt an understanding that other insurance was consented to, and that the failure to mention the fact in the policy was an oversight on the part of the agent. There is no direct evidence of an express agreement on this subject; but, taking the evidence as a whole, the conclusion stated naturally follows.

That other insurance was consented to is not seriously controverted by defendant. Its contention is, conceding that the agent gave his consent thereto, that it had reference to existing insurance of which he then had knowledge, and did not apply to any future policies. The record does not conclusively sustain this contention. The evidence made the question one of fact for the trial court. It is true that the agent testified, when under cross-examination by defendant's counsel, as follows: "Q. You said you omitted to put something on the policy?  *  *  *  What was omitted? A. Knowing that there was $4,500 additional insurance, I should have written in this policy, 'Total concurrent insurance $6,000.'" But this testimony is not conclusive of the extent of the mistake made by him. He further, both upon direct and cross-examination, testified that nothing was said by the parties relative to the amount of other insurance, and Grafenstadt also so testified. If nothing was said or agreed as to the amount of additional insurance, it is not just clear how the agent could assume the right to limit it to $6,000. Aside from his statement that the limit should have been so placed, the evidence is clear that no limit whatever was expressly made. The suggestion that it is absurd to suppose that the agent intended to consent to unlimited insurance, and the court below was not justified in so finding, is not of special force. We must take the parties where they place themselves, as disclosed by the record, and construe their intention in the light of the evidence showing what was said and done, and the reasonable inferences to be drawn therefrom, and not in the light of what the agent subsequently assumed ought to have been done.

Our conclusion is that the findings of the trial court are fairly sustained by the evidence. The former order herein, reversing the trial court, is therefore overruled, and the judgment appealed from is affirmed.

LEWIS, J. (dissenting).

A majority of the court have concluded to reverse the former holding in this case upon the ground that "important items of evidence [were] inadvertently overlooked on the former hearing and of a nature to change entirely the conclusion we then reached." The only evidence set out in the majority opinion as the basis of the court's views is as follows: Mr. Storer was called as a witness by the plaintiffs, and was asked by plaintiffs' counsel the following question: "Where there is * * * other insurance upon property at the time you issue a policy, isn't it customary to insert the clause in it, 'concurrent insurance allowed'?" The witness answered: "Yes." The witness further stated that it was his intention to insert that clause in this policy, but that, in his hurry, he had neglected to do so. The majority hold that this evidence, "in connection with other testimony, disclosed without serious doubt an understanding that other insurance was consented to, and that the failure to mention the fact in the policy was an oversight on the part of the agent." What this "other testimony" is has not been pointed out. Mr. Storer's testimony will be found from pages 24 to 38, inclusive, of the paper book.

Nothing whatever was said between Mr. Grafenstadt and Mr. Storer as to whether there was any other insurance upon the property, and nothing with reference to permitting the writing of future insurance. It appears beyond the shadow of a doubt, from plaintiffs' own witnesses, that not a word was said on the subject. The only thing which took place was that, when Storer called on Grafenstadt with reference to insurance, he was shown policies in other companies amounting to $4,500 then in force. From this fact alone the majority hold that the conclusion may be drawn that the parties contemplated that the new policy should not only permit concurrent insurance to the extent of that already written, of which the agent had knowledge, but also any insurance which Grafenstadt might wish to place on his property in the future, even without the knowledge of the company. On cross-examina-

tion defendant's counsel asked Storer this question: "You said you omitted to put something on the policy? What was omitted? A. Knowing that there was $4,500 additional insurance, I should have written in this policy, 'Total concurrent insurance $6,000.'" It is stated in the majority opinion that, because nothing was said between the other parties with reference to the amount of other insurance, it is not just clear how the agent could assume the right to limit the concurrent insurance to $6,000. In other words, the court holds that the very fact nothing whatever was said about future insurance warrants the conclusion that it was agreed there was to be other insurance, unlimited as to amount and time. The court ignores the rule of law that the burden was upon plaintiff to establish the fact that there was such an agreement, and assumes that the absence of evidence of such a contract is proof sufficient to establish the fact that such contract existed.

What does the legal term "concurrent insurance" mean? "Concurrent" means coincident or contemporaneous. "Concurrent covenants" are those where mutual conditions are to be performed at the same time. "Concurrent insurance" is that which to any extent insures the same interest against the same casualty at the same time as the primary insurance, on such terms that the insurers would bear proportionately the loss happening within the provisions of both policies. 2 Words & Phrases, 1391. Mr. Storer explained what he meant by "concurrent insurance" by saying that, having knowledge of the fact that $4,500 insurance was already written upon the property, the new policy should have contained an indorsement of total concurrent insurance to the amount of $6,000. What right has the court to assume that concurrent insurance, as used by the witness, was intended by him to embrace future insurance? The term "concurrent insurance," when used by itself, cannot by any possibility of argument, in the absence of anything being said on the subject, be construed to refer to additional future insurance.

In the case of East Texas v. Blum, 76 Tex. 653, 13 S. W. 572, the court had this subject under consideration. In that case the policy contained the following indorsement: "Total concurrent insurance $4,000"—and it was held that the word "concurrent" meant "running together," and in the connection used had the sense of co-operating, acting in conjunction, agreeing to the same act, and, in the absence of

something in the context showing that the word was not used in its ordinary meaning, it must be understood to have been so used. To be concurrent the insurance must operate at the same time, upon the same property, and look to the indemnity of the insured in case of its loss or destruction from the casualty insured against. See also Philadelphia v. Bigelow, 48 Fla. 105, 37 South. 210, where it was held: "If an agent, who issues an insurance policy containing provisions as to other insurance on the property, knows of the existence of a policy giving other insurance on the property, and such knowledge of the agent is a waiver by the company of the provisions of its policy relating to other insurance as to the policy of which the agent has knowledge, there is no waiver as to a policy of the existence of which it has not shown that the agent had any knowledge."

It was held in the former decision that new insurance could not be treated as concurrent insurance, unless agreed to by the parties; and in my judgment the conclusion now reached by the majority finds no support whatever in the evidence.

I am authorized to state that Mr. Justice ELLIOTT concurs in the view that the previous decision should be adhered to.

On August 28, 1907, the following opinion was filed:

PER CURIAM.

In denying the defendant's application for a rehearing in this action, we take occasion, in view of the fact that the one before us does not conform therewith, to again call attention to the rule on the subject of petitions for rehearing, first laid down in Derby v. Gallup, 5 Minn. 85 (119), referred to in 46 Minn. 54, 60, 48 N. W. 681, and reaffirmed in 87 Minn. 448, 92 N. W. 934, and to say, by way of addition to the rule, that hereafter applications which do not conform thereto, or which are frivolous or contain impertinent matter, will not be received or considered.

This addition to the rule will not be construed so strictly as to embarrass counsel in calling attention to alleged errors of the court; but applications which are clearly frivolous or contain impertinent matter, suggestions intended for the galleries, rather than the consideration of the court, will be rejected as in violation of the rule. The application under consideration is of the kind stated; but we do not enforce

the rule in this case, for the reason that the modification here made is intended for the future.

Application for a rehearing denied.

LEWIS, J. (dissenting).

I am of the opinion that a new trial should be granted, and therefore dissent.