### ELLING A. SOLI *vs.* FARMERS' MUTUAL INS. CO. OF MANCHESTER.

Submitted on briefs July 1, 1892. Decided Aug. 17, 1892.

**Fire Insurance—Property Covered by Policy.**

> A policy of insurance upon certain farm property included stables and "hay therein or in stack," and designated the property as being in the possession of the assured, who is referred to as *residing* on land (a farm) particularly described. *Held,* that the policy covered hay in stack situate off the land so described, and two miles distant from the residence of the assured, although the articles of incorporation declared that only property under the "immediate control" of the assured should be subject to insurance. The agent of the company who effected the insurance, and made out the description of property inserted in the policy, knew of this hay, and, as between him and the assured, it was understood that it was to be covered by the policy.

Appeal by defendant, The Farmers' Mutual Insurance Company of Manchester, Freeborn County, Minnesota, from an order of the District Court of Freeborn County, *Farmer,* J., made March 25, 1892, refusing a new trial.

This action was brought by the plaintiff, Elling A. Soli, to recover on a policy of fire insurance. The facts are fully stated in the opinion. The case was tried before the court without a jury, and findings filed July 24, 1891, ordering judgment for the plaintiff for sixty dollars, interest and costs. A motion for a new trial was made and denied, and defendant appeals.

*Lovely & Morgan,* for appellant.

The hay destroyed by fire was stacked on land not owned by plaintiff, and some two miles from his residence. The policy, with the constitution and by-laws of the company, which were made a part thereof, provided that the property should be *under the immediate control* of the insured. It seems clear that the only rational inference is that the property must be situated on the land described in the application.

The finding of the court below that the agent who took the application knew of the existence and situation of the hay destroyed, is not warranted by the evidence. There is no evidence to show any waiver by the defendant of any of the conditions of the policy.

*W. E. Todd,* for respondent.

It is a well settled elementary principle that the policy should be construed as favorably to the insured as possible. *Chandler* v. *St. Paul F. & M. Ins. Co.,* 21 Minn. 85; *De Graff* v. *Queen Ins. Co.,* 38 Minn. 501.

Had the insurer intended to limit the property insured to that on the premises described in the application, it would have used more explicit and unambiguous terms. The case of *Sawyer* v. *Dodge Co. Mut. Ins. Co.,* 37 Wis. 503, construes a policy that is identical with the policy in this case, and is directly in point. See, also, *Holbrook* v. *St. Paul F. & M. Ins. Co.,* 25 Minn. 229; *Everett* v. *Continental Ins. Co.,* 21 Minn. 76; *Boright* v. *Springfield F. & M. Ins. Co.,* 34 Minn. 352.

There is abundant evidence that the agent who took the application, knew of the existence and location of the hay. There is no distinction between stock companies and mutual companies in respect to the relation of the parties to the contract, or in the authority of the agents of the company to bind it. *Kausal* v. *Minnesota Farmers' Mut. F. Ins. Ass'n,* 31 Minn. 17.

DICKINSON, J. Action to recover for a loss, by fire, of some hay in stack owned by the plaintiff, and claimed to have been covered by a policy of insurance which was issued by the defendant to him. It

is a matter of controversy whether the policy, properly construed, covered this hay, and attention will be particularly directed to some of the terms of the contract.

The defendant was organized as a mutual insurance corporation, under ·Laws 1875, ch. 83, and amendatory acts, relating to "town insurance companies." The articles of association, after stating the classes of property which might be insured, among which were specified farm houses, barns, granaries, hay, grain, either in stack, barn, granary, or growing, farm machinery, live stock, etc., adds: "And such property shall be insured only when it is under the immediate control of the insured, and owned by him or her, and situate in the towns of," (specifying several towns.)

An application for insurance was executed by the plaintiff, which by the terms of the policy became a part of the contract. It appears that this was made out by an agent of the defendant on a printed blank furnished him for such purposes. In this application the property to be insured was described as follows: "On my dwelling house, built of logs and lumber, $100.00; household furniture therein and wearing apparel, $75.00; on stables built of lumber and other things, $15.00; *on hay therein or in stack, $60.00;* on granary built of lumber, $15.00; on grain therein or in stack, $175.00; on 4 horses, $200.00, [cattle, sheep, swine, and other property are also specified,] —which property is owned by and in the possession of the undersigned, who resides on the N. W. ¼ section No. 16, town of Moscow. * * *"

The policy followed in almost exact terms this schedule of property insured, the same concluding as follows: "All being the property of the said Elling A. Soli, residing on the N. W. ¼ of section number 16, town of Moscow. * * *" We have marked by italics that part of the description which is claimed to cover the hay in question.

The plaintiff lived at the place designated in the policy, where he had a farm of eighty acres, with his farm buildings. The hay for the loss of which a recovery is sought had been cut and stacked by the defendant on a marsh in section seven of the same town, about two miles from his residence. The defense rests upon that fact,

claiming that by the terms of the policy, read in the light of the clause in the articles of association recited above, only such property as was on the premises occupied by the assured as his residence was covered by the insurance.

It was found by the court (the case being tried without a jury) that the hay referred to in the policy was the same hay for which a recovery is sought, and that the defendant, when the policy was issued, knew where the hay was, and that it was fully understood that the policy should cover it. The court also found that the hay was owned by and under the immediate control of the plaintiff.

The provision in the articles as to the property to be insured being "under the *immediate control* of the insured," is not deemed to have a very important bearing upon the construction of this contract as respects the matter in controversy. This language does not necessarily, nor most naturally, bear the meaning which the defendant ascribes to it. The word "control," of simple and well-understood import, is inadequate to express the condition or fact of the property insured being at, or in the immediate vicinity of, the place of residence of the assured. It might be under his immediate control, although it were situated on a part of his farm most remote from his residence and his ordinary farm buildings. Nor even does the language express or imply the necessity of the property insured being upon the premises occupied as a residence. A barn owned and used exclusively by the assured would be under his immediate (direct, without the intervention of any other) *control*, even though situated some distance from his home farm. If the purpose had been to restrict the operations of the company to the insurance of property upon or in the immediate vicinity of the premises occupied by the insured as his residence, it is hardly supposable that this language would have been employed. The case justified the conclusion of the court that this property was under the immediate control of the plaintiff. He owned it, cared for it, and, as seems apparent, had actual and personal dominion over it.

Turning now to the written contract, it is to be observed that it does not designate the location of the hay "in stack," nor indicate its

proximity to the buildings or residence of the assured. The clause stating on what governmental subdivision the assured *resided* would have to be strained in favor of the insurer to justify the inference that the insurance was only applicable to property situated at that place of residence, or in its immediate vicinity; and that as respects personal property elsewhere, although embraced in the general terms of the insurance, and without any reference to its location, the policy was not applicable. This would be quite contrary to the principle by which courts are governed in such cases. They will be slow to import into the contract, by inference, qualifications or conditions in favor of the insurer. *De Graff* v. *Queen Ins. Co.*, 38 Minn. 501, (38 N. W. Rep. 696,) and cases cited. The defendant having in terms, presumably of its own choosing, contracted to insure the plaintiff's "hay in stack," without qualification as to its location, and as property of that nature might reasonably be expected to be elsewhere than about the farm buildings of the assured, there is to our minds no apparent reason why the contract should not be construed to be as broad and unqualified as are its express terms. We think that the court was right in construing it to embrace the hay in question. A contract substantially like this was construed in the same way in *Sawyer* v. *Dodge Co. Mut. Ins. Co.*, 37 Wis. 503. The defendant was not deceived or uninformed (in a legal sense) as to the existence and location of this property, and the contract thus construed is no broader than the defendant must be supposed to have contemplated. Its agent who made out the application on which the policy was issued, formulating therein the terms of description which were put into the policy, and who procured the policy to be issued and sent to the plaintiff, had seen the hay and knew where it was located with reference to the plaintiff's premises. He framed the terms of the application with reference to that, and, as the evidence conclusively shows, with the intention of including this property. His knowledge, while thus acting in behalf of the defendant, is legally attributable to the latter; and so we may say that the defendant prepared and issued its policy insuring unqualifiedly the plaintiff's "hay in stack," knowing that he owned this hay in stack situate

some two miles from his farm buildings. We feel no doubt as to its being covered by the policy. We do not see that any question relative to the doctrine of waiver is involved in the case as presented for review.

Order affirmed.

(Opinion published 52 N. W. Rep. 979.)

Submitted on briefs July 1, 1892. Decided Aug. 17, 1892.