JOHN E. ANDRUS v. MARYLAND CASUALTY COMPANY.[1]

January 29, 1904.

Nos. 13,683—(179).

**Indemnity Insurance—Alteration of Building.**

A policy of insurance issued by defendant to plaintiff purported on its face to indemnify plaintiff from damages for accidental injuries suffered by persons in or about a building owned by him, and contained the following conditions: "This policy does not cover loss from liability for injuries suffered by any person engaged in making additions to or altera-

[1] Reported in 98 N. W. 200.

tions in the building, * * * nor any loss from liability for injuries suffered by any person before the premises have been fully completed ready for occupancy;" and, further, "Nor shall notice to any agent, nor shall knowledge possessed by any agent, or by any other person, be held to effect a waiver or change of this contract, or in any part of it." An injury occurred to an employee of plaintiff while engaged at work within the building, for which damages were recovered against plaintiff in an action brought therefor. In this action against the insurance company for reimbursement, based upon the policy, it is *held:*

· 1. That neither at the time the policy was issued nor when the accident happened was plaintiff, within the meaning of the policy, engaged in making additions to or alterations in the building covered thereby. Plaintiff was engaged in constructing an entirely new building, and not in altering or repairing an old one.

2. At the time the policy was issued, defendant's agent had full notice and knowledge that the building was not "fully completed ready for occupancy," and it is *held* that the company was bound by such notice, and the provisions of the policy attempting to exempt it from the consequences thereof are invalid.

3. A policy of insurance issued and delivered to the insured with full knowledge on the part of the insurer of facts making it inoperative at its inception, is a waiver of all conditions of the policy inconsistent with the facts known to the insurer.

4. The facts are wholly undisputed, and defendant was not entitled to have the case sent to the jury.

Appeal by defendant from an order of the district court for Hennepin county, Harrison, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*James D. Armstrong,* for appellant.

*John T. Baxter* and *Cohen, Atwater & Shaw,* for respondent.

BROWN, J.

Action to recover upon a personal liability insurance or indemnity policy, in which plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The facts are as follows: In the year 1898 plaintiff was the owner of what was known as the "Sidle Block" in the city of Minneapolis, an ordinary four-story brick structure, situated on the corner of Nicollet avenue and Fifth street. In the fall of that year he engaged con-

tractors to replace the old building with a new one, which is known as the "Andrus Building." After the new building had been nearly completed, one-half being occupied by different tenants, plaintiff, through his agent, applied to defendant for a policy of insurance indemnifying him against liability for accidental injuries suffered by persons while within the premises or upon the sidewalk or ways adjacent thereto. The policy was issued and delivered, and purported upon its face to indemnify plaintiff from such liability from December 17, 1900, to December 17, 1901. Some time thereafter one Wolstad, an employee in the building, sustained certain injuries while operating an elevator located therein, on account of which he brought an action against plaintiff and recovered damages. Plaintiff duly notified defendant company of the commencement of that action, but it repudiated its liability under the policy, and refused to settle or defend the same. The action resulted in a judgment for Wolstad, plaintiff therein, for the sum of $4,000, which the plaintiff herein paid, and then brought this action upon the policy for reimbursement. At the conclusion of the trial both parties moved the court for a directed verdict, and the motion of plaintiff was granted; that of defendant denied.

A determination of the questions presented for our consideration involves a construction of the terms of the policy of insurance upon which the action is founded. As already stated, the policy purported to indemnify plaintiff

> "Against loss from common-law or statutory liability for damages on account of bodily injuries, fatal or nonfatal, accidentally suffered, within the period of this policy, by any person or persons while within the premises mentioned in the application, or upon the sidewalk or other ways immediately adjacent thereto,"

Subject, however, to the following conditions, namely:

> "This policy does not cover loss from liability for injuries suffered by any person engaged in making additions to or alterations in the building or elevator plant, nor suffered by any person as a result, in whole or in part, of the making of such additions or alterations; nor any loss from liability for injuries suffered by any person before the premises have been

fully completed ready for occupancy: provided, however, that changes in and additions to shelving, counters or partitions and general internal repairs are permitted under the terms of this contract when the doing of work incident thereto does not in any case exceed the term of five days. Extraordinary repairs to and alterations in elevators may be made only on the written consent of the company specifically covering the hazard involved."

There is no question that Wolstad was injured while operating an elevator in the building, and that his injuries were suffered from causes making plaintiff liable; and the merits of the recovery against plaintiff are in no way contested or involved. The question presented is whether under the. terms of the policy, the defendant is bound to reimburse plaintiff for the amount of such recovery. It is contended in this connection by defendant that the operations engaged in by plaintiff in constructing the Andrus building amounted only to alterations and repairs of the old Sidle building, and that until the work was fully completed and the building ready for occupancy no liability under the policy attached. The evidence on this feature of the case is not in dispute, and appears to us to show conclusively that defendant's position in this respect is erroneous. It was clearly not the object or purpose of plaintiff in this enterprise merely to repair or remodel the old building, but instead to erect a new one; and such was beyond doubt the result of his plans. But very little of the old building was utilized, or now forms a part of the new. If the new building were to be wholly removed, a vacant lot would remain. The process of constructing the new building occupied two years or more. It is nine stories high on one side, and ten on the other. The old Sidle building was an ordinary brick building with wood interior, and only four stories high. The interior of the new building is largely iron, steel, tiling, and other fireproof material.

That the Andrus building is an entirely new structure, there can be no question; and we hold, without a detailed discussion of the evidence, that the work in and about its erection and construction was not, within the meaning of the policy, additions to or repairs of the old building. Such being the case, we are required to interpret the

following clause of the policy respecting the liability of defendant thereunder:

> "This policy does not cover loss from liability for injuries suffered by any person * * * before the premises have been fully completed ready for occupancy."

It is the contention of defendant that, because the building was not fully completed and ready for occupancy in all its parts at the time of the injury to Wolstad, no liability attached under the policy, except as to that portion of the building which was completed and occupied, in which completed part Wolstad was not injured. We do not concur in this view. The policy on its face indemnified plaintiff from all liability of the character of that here involved between December 17, 1900, and December 17, 1901. It is true that at the time the policy was issued the building had not been fully completed. One-half of it had been completed, however, and was then occupied by tenants, and at the time of the injury to Wolstad two-thirds had been completed, and was so occupied; but the policy covers the building as a whole. While the expression, "fully completed ready for occupancy," is somewhat ambiguous, it ought to be construed to harmonize with other portions of the policy, in the light of conditions known to the agents to exist at the time it was issued, and effect given to all the various provisions of the contract. If defendant's theory of this language be adopted, the policy would not indemnify plaintiff for a year as to the entire building, as its terms expressly provide, but only for such portion of the year as should elapse after its full completion, thus rendering inoperative, in part at least, that portion of the policy fixing its period of duration.

But whether the construction contended for by defendant is the true one we need not determine, for it must, in any event, be construed in the light of the knowledge of the defendant's agents respecting the condition of the building at the time the policy was issued and the clear intent of the parties that it should continue in force for the period of one year. It is well settled that the issuance and delivery of a policy of insurance with knowledge on the part of the insurance company of facts making it inoperative at its inception is a waiver of all conditions of the policy inconsistent with the facts known to

the insurer. This is the rule respecting fire insurance policies, and is applicable to the case at bar. Brandup v. St. Paul F. & M. Ins. Co., 27 Minn. 393, 7 N. W. 735; Wilson v. Minnesota F. M. F. Ins. Co., 36 Minn. 112, 30 N. W. 401; Anderson v. Manchester F. A. Ins. Co., 59 Minn. 182, 60 N. W. 1095, 63 N. W. 241; Otte v. Hartford Life Ins. Co., 88 Minn. 423, 93 N. W. 608.

There is no claim in the case at bar that the issuance of a policy upon partly completed buildings was prohibited by the company, nor that there was any fraud or collusion between plaintiff and defendant's agents. But it is claimed that there could be no waiver of the conditions of the policy rendering it inoperative until the building was fully completed, because of the following provisions found therein:

> "No condition or provision of this policy shall be waived or altered by any one, unless by written consent of the president or secretary of the company, nor shall notice to any agent, nor shall knowledge possessed by any agent, or by any other person, be held to effect a waiver or change in this contract, or in any part of it."

We are unable to agree with counsel's construction of this provision of the policy—at least that portion which provides that no notice or knowledge possessed by an agent of the company shall have the effect to waive or change the contract of insurance in any respect. The first clause of the provision quoted, limiting the right to alter or change the policy without the written consent of the president or secretary, is, as to changes or alterations claimed to have been made after the policy was issued, undoubtedly a binding provision; but the portion which attempts to relieve defendant of the consequences of knowledge or notice possessed by its agents at the time the policy was issued, through whom alone it can act, cannot be upheld. It is an attempt to remove the company from the operation of the rules of law applicable to notice of facts affecting the rights and liabilities of parties to contracts, and, within the decisions of this court, nonenforceable. Lamberton v. Connecticut Fire Ins. Co., 39 Minn. 129, 39 N. W. 76; Hartley v. Pennsylvania F. Ins. Co., supra, page 382. This provision of the policy is not a limitation upon any particular agent or class of agents, but one upon the capacity of the corporation itself,

and cannot prevent a waiver, which would, except for the provision, legally follow from the knowledge of its agents. Nichols v. Wiedemann, 72 Minn. 344, 75 N. W. 208, 76 N. W. 41.

In view of these authorities we are required to hold that, inasmuch as defendant's agents had full knowledge and notice of the unfinished condition of the building at the time the policy was issued, the condition that the policy should not take effect until the building was fully completed ready for occupancy, if construed in harmony with defendant's contention, was waived. The evidence tending to show this notice or knowledge was clearly competent and admissible, and, the evidence upon the questions determined being undisputed, defendant was not entitled to have the case go to the jury.

We have fully considered all appellant's assignments of error in connection with those subjects discussed in the opinion, and find no reversible error in the record.

Order affirmed.