## JOHN B. BEMIS v. PACIFIC COAST CASUALTY COMPANY.[1]

February 20, 1914.

Nos. 18,476—(192).

**Insurance — knowledge of agent binding on company.**

1. Knowledge of the agent of the insurance company, through whom the insurance was effected, of the actual situation of the risk covered by its burglary insurance policy is the knowledge of the company, and estops it from denying that the property so situate is not insured.

**Estoppel — pleading.**

2. Facts going to prove estoppel *in pais* need not be pleaded.

**Question for jury.**

3. The question whether the warranty by the insured that the building, wherein was kept the property covered by the policy, was a private residence, was for the jury.

[1] Reported in 145 N. W. 622.

Action in the district court for Ramsey county to recover $225 upon defendant's policy from loss by burglary, theft or larceny of the property described. The answer alleged that defendant's policy insured plaintiff against loss by burglary and theft of personal property belonging to him from a private residence in Cass county occupied by him, specifically denied that any personal property was feloniously abstracted from any private residence located on the premises or from any private residence occupied by plaintiff on the premises described, and alleged on information and belief that if there was any felonious abstraction of any personal property from any building on the premises it was from a sanatorium, hotel or public boarding house on the premises, not occupied by the plaintiff and not covered by any policy of defendant. The answer further alleged that the policy was issued in reliance upon the truth of the statements in plaintiff's application; that the answer in the application in respect to the question concerning the building was false and untrue, and the building was a sanatorium or public boarding house and not a private residence; that, had the statement been truthfully made, the application would not have been accepted and the policy would not have been issued, and expressly denied that the policy was at any time in force or binding on defendant, but because of the facts stated had always been null and void. The reply denied that the building described was used as a sanatorium, hotel or public house, and alleged that it was used by plaintiff as a private residence and not otherwise. The case was tried before Dickson, J., who denied defendant's motion for an instructed verdict, and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Charles J. Andre,* for appellant.
*Ambrose Tighe,* for respondent.

HOLT, J.
Plaintiff, a physician in St. Paul, owned a tract of land on the shores of a large lake in Cass county, this state, upon which was a log house, consisting of a kitchen and living room, used also as a bedroom. For several seasons previous to 1910 he occupied the build-

ing as a summer home. During the summer of 1910 a son was permitted to keep at this house, for his own profit, a few boarders, who were spending vacations fishing and recuperating. Except for brief visits of a few days each, plaintiff never used the house as a dwelling during the winter months, or during early spring or late fall. On August 31, 1911, defendant insured plaintiff's household goods against felonious abstraction by burglary or theft from "the house, building, flat, apartments, or rooms actually occupied by the assured and described in" the schedule. The schedule is part of the policy. It gives the government description of the land and contains 11 statements, designated as warranties, purporting to have been furnished by the assured. The third therein reads: "State whether a private residence, apartment house, flat, etc.," in print, and then is added in typewriting: "The building is [a] private residence." The sixth in print is: "The premises occupied by the assured and insured hereunder are: Then follows in typewriting the word "Entire." The seventh: "Business address of the assured is 909 N. Y. Life Bldg., St. Paul, Minn." In March, 1912, plaintiff learned that the building had been burglarized and the goods stolen. Defendant refused to pay the loss and this action was brought upon the policy. The answer by general denial put in issue the loss and the amount, admitted issuing a policy upon property contained in plaintiff's private residence, and alleged that, if any part thereof was lost by theft or burglary, it was not abstracted from any private residence occupied by plaintiff and located upon said premises, but from a sanatorium, hotel or public boarding house thereon. As a further defense it was alleged that in and by the application embodied in the policy plaintiff warranted that the building, in which the insured property was to be kept in order to be covered by the insurance was "a private residence;" that in reliance on the truth thereof defendant issued the policy; that the warranty was false, and the building was not a private residence, but a sanatorium or public boarding-house; and that had defendant known the truth in that respect the policy would not have been issued. In addition to what has already been stated the testimony tended to prove that in the summer of 1911 plaintiff had no family. He boarded in St. Paul, but occasionally

took trips to this summer cottage sometimes taking friends with him. He spent a few days in this manner in June; thinks he was there in August, but is uncertain. No one was actually occupying the house on August 31 when this policy was taken (a like policy, issued by another company, represented by the same agent, having expired on that date). In October, 1911, plaintiff again spent a few days hunting on the premises. He first testified that he was alone and stayed with a neighbor most of the time, but on being recalled was permitted to say that a friend was along, and that they slept in this house and there ate their lunches, prepared, evidently, at the neighbor's with the exception of the coffee made at plaintiff's house. The policy contained this provision: "If the premises are left without an occupant for a period exceeding six consecutive months," unless written permit for nonoccupancy be obtained, the insurer shall not be liable for loss. When plaintiff rested the court directed a verdict for defendant. Plaintiff appeals from the order denying a new trial.

One of the errors assigned relates to the refusal of the court to permit plaintiff to show that, at the time the policy was issued, defendant's agent well knew the situation with respect to the use and occupancy of the building containing the property insured. It is plain that the defense pleaded was not that the loss was within the exception of the policy in that it happened when the building had been left without an occupant for more than six consecutive months. If the answer be construed most favorably to defendant and held to allege that the policy never took effect because, when it issued, the building was not occupied, we think it was clearly proper for plaintiff to show that defendant's agent then knew the true situation in respect to the use of the house. The agent issuing the policy was the agent of the insurer and not of the insured, hence his knowledge was the knowledge of defendant. And if it saw fit to issue a policy to protect plaintiff against abstraction by theft or burglary of property from this building, as it was then used and occupied by plaintiff to defendant's knowledge, it should be held to its contract notwithstanding any inaccuracy of description or use of the house. Kausal v. Minnesota Farmers' Mut. Fire Ins. Assn. 31 Minn. 17, 47 Am. Rep. 776, 16 N. W. 430; Soli v. Farmers' Mut. Ins. Co. 51 Minn. 24, 52

N. W. 979; Kelly v. Citizens Mut. Fire Assn. 96 Minn. 477, 105 N. W. 675; Williams v. Ins. Co. 50 Ind. 561; Aurora Fire & M. Ins. Co. v. Kranich, 36 Mich. 289; Short v. Home Ins. Co. 90 N. Y. 16, 43 Am. Rep. 138; Rochester Loan & Banking Co. v. Liberty Ins. Co. 44 Neb. 537, 62 N. W. 877, 48 Am. St. 745; Devine v. Home Ins. Co. 32 Wis. 471; Manchester v. Guardian Assur. Co. 151 N. Y. 88, 45 N. E. 381, 56 Am. St. 600; Gray v. Germania Ins. Co. 155 N. Y. 180, 49 N. E. 675.

The testimony offered did not go to prove a waiver, strictly speaking. It did not concern something occurring after the issuance of the policy, whereby some condition was waived. The facts plaintiff offered to prove went rather to estop defendant from asserting that the property was never insured. Under the rule in this state estoppel *in pais* need not be pleaded. Caldwell v. Auger, 4 Minn. 156 (217), 77 Am. Dec. 515; Coleman v. Pearce, 26 Minn. 123, 1 N. W. 846. Especially ought the rule to have been applied in the case at bar where the defense, that the policy did not take effect because of the nonoccupancy of the building at the time of its issuance, can hardly be made out by the most liberal construction of the answer.

We also think it was for the jury to say whether there was any false warranty in stating that the building was a private residence. The evidence certainly did not prove that it was either a sanatorium or a hotel, either in name or use in 1911, or thereafter. There was no other building on the land described than this summer home and an icehouse used in connection therewith. We do not believe it can be said as a matter of law that a summer cottage occupied by the owner for a brief period of the year is not a private residence. Of course a person may have any number of structures properly termed private residences as distinguished from other buildings. However, it is evident from the whole policy that the building therein referred to must be a residence for the insured's occupation and not for a tenant of his. But so understood, it is nevertheless true that there is no warrant for saying that, if the insured lived in St. Paul, he could not also occupy a private residence of his own in Cass county. It stands to reason that actual occupancy is not a condition that must continually exist in order to have protection under policies of this

kind. The very terms of this policy indicate the contrary. Residence in a summer cottage usually terminates before September in this state. The occupation thereafter is necessarily sporadic and of a character peculiar to such homes. These cottages do not as a matter of law cease to be private residences when the owner moves to his winter home.

Our conclusion is that under the pleadings plaintiff was entitled to show the knowledge defendant's agent had concerning the situation, use and occupation of plaintiff's summer home, when the insurance was effected, and also that it was for the jury to determine whether or not the warranty that the building, in which was located the property to be protected, was a private residence was false.

Order reversed.