## KATE KEARNS v. NORTH AMERICAN LIFE & CASUALTY COMPANY.[1]

### December 16, 1921.

### No. 22,527.

**Insurance— waiver of notice of illness.**

1. An insurer may waive a statutory provision, incorporated in its policy, for written notice of sickness of the insured to entitle her to claim benefits under the policy. By refusing to pay the claim, on the ground that the policy had lapsed for nonpayment of the premium, such notice is waived.

**Letters of president admissible.**

2. The letters of the president of the insurer, refusing to recognize the claim on the ground stated, were properly received in evidence under the circumstances stated in the opinion, although a waiver had not been pleaded.

**Effect of waiver of statutory notice.**

3. A waiver of the notice prescribed by section 3524, G. S. 1913 (C): 4 and 5, conferred upon the insured the rights she would have had if such notice had been given.

**False answer in application — knowledge of agent.**

4. Knowledge on the part of the representative of the insurer of the falsity of an answer to a question in the application for the policy, which

1Reported in 185 N. W. 659.

he reduced to writing, is imputed to the insurer, and it will not be allowed to avoid its contract because of the misstatement in the application.

#### Construction of policy.

5. The right to benefits was not limited by a provision in the policy relating to complications of the original sickness with other specified diseases.

Action in the district court for Ramsey county to recover $180 upon defendant's health policy. The case was tried before Olin B. Lewis, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony its motion for a directed verdict and a jury which returned a verdict for $193.05. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Leroy Bowen,* for appellant.

*Herbert P. Keller* and *Bruce J. Broady,* for respondent.

LEES, C.

Appeal from an order denying defendant's motion for judgment or a new trial. Plaintiff sued on a policy insuring her against the results of accidental injuries and sickness from disease, providing for the payment of $30 a month for temporary total disability resulting from sickness, and calling for the payment of an annual premium of $12 in monthly instalments, payable in advance, either at defendant's home office or to an authorized collector.

As defenses the answer alleged that plaintiff failed to pay the premium due May 25, 1919, and the policy thereupon lapsed; that defendant never received notice of plaintiff's sickness and was never requested to furnish forms for proof of loss and never refused to do so; that no proofs of loss had been made and no written notice of plaintiff's alleged sickness given within 10 days as required by the policy, and that plaintiff was insured as an hotel keeper and thereafter changed her occupation to that of a boarding-house keeper, which was more hazardous and not insurable.

The evidence in plaintiff's behalf was substantially to this effect: In the spring of 1919 she was sick for a short time and verbally notified

Edwin Hempel, the defendant's collector, of her sickness. Without further notice and without proofs of loss, defendant paid the amount to which she was entitled. Afterwards and in June, 1919, she cut her finger. An infection followed and an abscess formed in her arm-pit, and later rheumatism or neuritis developed. On June 16 she became so ill she was totally disabled. On June 25 Hempel called to collect certain premiums and had an interview with plaintiff's daughter, who told him of her mother's sickness and asked him whether it would be necessary to give notice to the company. He replied it was not necessary, that he would look after the matter as he had done before, but refused to accept the June premium on plaintiff's policy. Subsequently the premium was paid to defendant's collector at St. Paul, who gave a receipt for it. Defendant promptly returned the premium. Correspondence between plaintiff's attorney and the defendant followed, beginning August 30, 1919, when demand was made for payment of plaintiff's claim. Defendant wrote in reply that the premium due May 25 was not paid, and consequently the policy lapsed on that day; that, if it should appear that the premium was paid, defendant's officers would be in a position to discuss the claim on its merits. Defendant adhered to its position in subsequent letters, and finally suit was brought.

1. The evidence with reference to the payment of the premium was such that the jury was justified in finding it had been made. Defendant does not seriously dispute this, and we pass this phase of the case without further comment.

2. It must be conceded that the requirement of written notice of sickness might be waived. It is well settled that, where the insurer denies liability on grounds other than a failure to furnish notice or proofs within the proper time, there is a waiver of such failure. Zeitler v. National Casualty Co. 124 Minn. 478, 145 N. W. 395; Johnson v. Bankers M. C. Ins. Co. 129 Minn. 18, 151 N. W. 413; L.R.A. 1915D, 1199, Ann. Cas. 1916A, 154; 14 R. C. L. p. 1349; 1 C. J. p. 480. The evidence would warrant the jury in finding that on June 25, within the 10-day period, Hempel received notice of plaintiff's sickness, similar to that given in the spring, when defendant paid her claim without questioning the sufficiency of the notice. Under such circumstances plaintiff might be justified in assuming that verbal notice to Hempel was all the defend-

ant required. If she was led to believe that strict compliance with the terms of the policy would not be required, defendant might be estopped from contesting liability because of her failure to give written notice. However that may be, it is clear that, when defendant refused to pay the claim on the ground that the policy had lapsed, it waived plaintiff's failure to give written notice of her sickness.

The legislature has prescribed standard provisions for health and accident insurance policies, one covering the notice to be given to the insurer. Such a provision may be waived, though contained in the statute. Lake Superior P. & C. S. Co. v. Concordia F. Ins. Co. 95 Minn. 492, 104 N. W. 560. We agree with appellant's counsel that it is important that notice should be given promptly. It is necessary to give the insurer an opportunity to make timely investigation and guard against trumped-up claims, made when it is too late to ascertain the true state of facts. In the instant case, however, want of notice was not the ground on which defendant saw fit to place its refusal to pay.

3. Objection was made to the admission in evidence of letters stating defendant's reason for refusing to pay. It is urged that, while these letters were received to show a waiver of written notice, a waiver was not pleaded. The complaint alleged that notice was given within 10 days and that plaintiff had duly complied with all conditions of the policy she was required to perform. In Hand v. National L. S. Ins. Co. 57 Minn. 519, 59 N. W. 538, it was intimated that, under an allegation of performance of conditions precedent, evidence of waiver or excuse for nonperformance is not admissible. It was held, however, that, if evidence from which a waiver may be inferred is introduced without objection, no point can subsequently be made of the omission to plead waiver. Under cross-examination, defendant's president testified, without objection, that plaintiff's claim would not have been recognized even if she had given written notice of it, because she was not insured after May 25. He added there were other reasons for refusing to pay the claim, but did not give them. The objection made to the letters was that they were written after the expiration of the 10-day period prescribed by the policy and did not show waiver of notice. The objection that they were not admissible under the pleadings was not made. There was no error in receiving them.

4. Another contention is that there can be no indemnity for sickness prior to August 30, when written notice of the plaintiff's claim was made. Section 3524, G. S. 1913, prescribing standard provisions in policies of health and accident insurance, contains two clauses reading:

"(C):—4. Written notice * * * of sickness * * * must be given to the insurer * * * within ten days after the commencement of disability from such sickness.

"(C):—5. Such notice given * * * to the insurer * * * with particulars sufficient to identify the insured shall be deemed to be notice to the insurer. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

By reference, these provisions were made part of the policy and were followed by a provision that the company's liability should begin only on the date when written notice was given. In our opinion this provision has no application where notice has been waived. We think the waiver of notice conferred upon plaintiff the same rights she would have had if written notice had been given.

5. In her application, plaintiff's occupation was given as an hotel keeper. In fact she was a boarding-house keeper. Hempel prepared the application. He testified she told him she kept an hotel. She denied it. The application was made out at her boarding-house. Hempel visited it frequently to collect premiums from her and her boarders. There was a boarding-house sign on the building. Hempel admitted he knew it was an ordinary boarding-house. It is clear that he had knowledge of the falsity of the answer he wrote for plaintiff in the application. His knowledge is imputed to the defendant and it will not be allowed to avoid its contract on that ground. Bemis v. Pacific C. C. Co. 125 Minn. 54, 145 N. W. 622; 2 Dunnell, Minn. Dig. § 4681; 7 Cooley, Briefs on Ins. 2620, 2622, 2625; 1 C. J. 424; 14 R. C. L. 1159.

6. The policy provided that no indemnities should be paid for a sickness of more than 30 days, when such sickness originated and resulted from, or was occasioned by or complicated with, rheumatism or neuritis. Plaintiff's physician testified that after the abscess formed she developed neuritis and a general rheumatic condition as a result of the infection.

The effect of this testimony was not to limit her right to benefits to a period of 30 days. Neuritis and the rheumatic condition were a consequence of her original ailment and followed from the operation of natural laws of disease. Her sickness was not complicated with them because she was not suffering from them when she developed the infection.

The order appealed from is affirmed.