GEORGE W. COBEL AND OTHERS v. THE HARTFORD FIRE INSURANCE COMPANY AND OTHERS.
J. M. HACKNEY, APPELLANT.[1]

January 12, 1923.

No. 23,138.

Vendor liable to purchaser for failure to assign fire insurance policies for which he had collected unearned premiums—knowledge of agent of insurer.

Under a contract of sale of a farm the appellant agreed to assign an insurance policy covering buildings upon the property sold to respondents on being paid the unearned premium thereon. Thereafter such premium was paid to appellant, but through oversight he failed to assign the policy. A fire destroyed the property. In this action by the vendees to recover from the vendor the loss sustained, the insurance company declining to pay because there had been a change of ownership to which it had not consented, it is *held*:

[1]Reported in 191 N. W. 592.

(1) Appellant can take no advantage of the fact that there was a change in plaintiff's ownership for the answer admits plaintiff's title as stated in the complaint.

(2) The breach of the vendor in not assigning policy was conclusively proven the cause of the vendees' loss.

(3) The knowledge of an agent of an insurer after a policy has been issued that there has been a change of ownership of the property covered, such agent having no authority to consent to an assignment of the policy or to waive its terms, is not knowledge or consent of the insurer to the assignment.

Action in the district court for Ramsey county to recover $5,034 against J. M. Hackney and the Hartford Fire Insurance Company, and, in the event recovery could not be had against the insurance company, then for judgment against J. M. Hackney for the additional sum of $284.27. In his amended answer J. M. Hackney demanded reformation of the policy to show assent of the insurance company to the assignment. The case was tried before Hanft, J., who at the close of the evidence denied defendant Hackney's motion for a directed verdict in his favor, and granted plaintiffs' motion for a directed verdict for $5,688.67. From the judgment entered pursuant to the verdict, J. M. Hackney appealed. Affirmed.

*Christofferson, Walsh, Christofferson & Jackson,* for appellant.
*Hall & Purdy* and *John N. Berg,* for respondents.

HOLT, J.

The defendant Hackney, of St. Paul, Minnesota, on February 10, 1919, by a written contract sold a 3,360 acre farm in South Dakota to plaintiffs, residents of that state, who agreed to make certain payments at stated times. The contract contained these provisions affecting the present controversy:

"Insurance covering the buildings on the above described premises shall be adjusted as of the date hereof. The said party of the second part shall be entitled to assignments of the policies, upon paying to said party of the first part the unearned premiums thereon, after the date hereof."

There were buildings upon the premises covered by an insurance policy issued by the defendant, The Hartford Fire Insurance Company of Hartford, Connecticut. The policy contained a mortgage clause in favor of the defendant, the Minnesota Loan & Trust Company, mortgagee. It was in possession of the mortgagee at its place of business in Minneapolis, Minnesota.

On April 1, 1919, at about which time the deed was delivered, Mr. Hackney mailed a statement of the amount due him, totaling $73,746 and including therein the amounts of the unearned premiums upon the insurance policies referred to in the contract of sale, the amount of the policy here in question being $284.27. The total amount was promptly remitted, but through oversight or misunderstanding no assignment of the policy was made by Mr. Hackney. On September 14, 1920, a fire destroyed the buildings and property covered by the policy, and the loss sustained by plaintiffs was the amount for which a recovery was had herein. According to the terms of the policy no agent had authority to waive any of its terms or conditions unless by writing attached thereto. It also contained this provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void, if * * * any change other than by death of an insured takes place in the interest, title or possession of the subject of insurance * * * or if this policy be assigned before a loss." The mortgage of $85,000 held by the Minnesota Loan & Trust Company was paid by plaintiffs subsequent to the fire.

This action was brought against both Mr. Hackney and the insurance company, the complaint being framed on the theory that the insurance company had waived a formal assignment, and this was alleged upon information and belief derived through the statements and claims of defendant Hackney, and also on the theory that the latter's breach of contract to assign the policy deprived plaintiffs of the insurance they had paid him for. The defendant Hackney answered alleging the facts as to the insurance, the sale of the property to plaintiffs, the loss, waiver of proof of loss as in plaintiffs' complaint, and then alleged that W. H. Maul, a duly authorized agent of the insurance company, had agreed to have the com-

pany assent to an assignment of the policy to plaintiffs as of February 10, 1919, and asked for a reformation of the policy accordingly. It is stated in the briefs that the insurance company demurred to the complaint, and that the demurrer was sustained. The trial was only as to the liability of Mr. Hackney. Each side made a motion for a directed verdict. Plaintiffs' motion was granted and defendant Hackney's denied. The latter appeals from the judgment.

There is some claim that Mr. Spratt, one of plaintiffs, procured an interest in the property subsequent to the date of the contract and prior to the loss and that thereby the policy became invalidated, and hence the failure of Mr. Hackney to assign the same is not the proximate cause of loss. No such defense was made in the answer. The title of plaintiffs is therein alleged precisely as in the complaint. The inference is that the deed from Mr. Hackney went to the present plaintiffs and one Mr. Housman, but that the latter conveyed and assigned his interest in the farm and this claim after the fire. At any rate, neither by his pleading nor under the evidence is appellant in a position to urge a reversal upon the ground that the plaintiff Spratt at some time prior to the fire became a part owner.

Appellant's counsel says: "It is admitted that in the agreement executed by appellant covering the sale of said land, he agreed to assign the policy to the respondents. If nothing had been said in regard to the assignment of the policy or as to who was to look after the assignment thereof subsequent to the execution of the agreement, appellant would have no defense." What counsel refers to as something being said to alter the situation is this: W. H. Maul was the local agent at Huron, South Dakota, for the insurance company. He had no authority to consent to assignments of policies. He was the agent of appellant in making the sale of the property involved to plaintiffs and was present when the negotiations culminated in the contract of sale. During its preparation, and, perhaps, at or about the time of its signing, there was talk of the assignment of the policies covering the buildings and property. Mr. Hackney testified that he asked Mr. Maul if he would attend to it, and being answered in the affirmative he inquired of plaintiffs if that was satisfactory, and he states they assented. The record discloses several

reasons why this conversation, denied by plaintiffs, is not sufficient to avoid the express agreement to assign. Appellant never notified Mr. Maul of the payment of the unearned premium. The assignment was to be effected when payment was received. The talk was prior to or at the time of the execution of the written agreement and should not be held to vary the writing. Moreover, Mr. Hackney admitted that after the fire he told a representative of the insurance company that he had overlooked assigning the policy, and wrote one of plaintiffs that he had told this representative "when here a couple of weeks ago that the property had been sold to you, but that we had overlooked assigning the policy, which was a mistake on the part of my bookkeeper." There is not sufficient evidence to release appellant from his obligation contained in the written contract to assign this policy. There is no suggestion of waiver of an assignment by plaintiffs in the answer of defendant; on the contrary, he alleged that it was assigned to plaintiffs and that the insurance company through its agent Maul consented thereto and agreed that such written consent should be indorsed on the policy.

The next contention is that Mr. Maul knew of the transaction and that his principal, the insurance company, is bound by his knowledge and acquiesced in the change of ownership so that the policy protected plaintiffs. The cases of Vessey v. Commercial U. Assur. Co. 18 S. D. 632, 101 N. W. 1074, and Wheaton v. Liverpool & L. G. Ins. Co. 20 S. D. 62, 104 N. W. 850, are relied on. They are not in point. Those cases related to the knowledge of the title or condition of the property possessed by agents of the insurers when soliciting and accepting application for insurance, they having authority so to do. Our decisions are to the same effect. Andrus v. Maryland Casualty Co. 91 Minn. 358, 98 N. W. 200; Bemis v. Pacific Coast Casualty Co. 125 Minn. 54, 145 N. W. 622. But the knowledge of the agent in this instance came to him after the insurance contract was in effect. Such being the case, authority to consent to a change or to waive any term in the existing contract must be shown. There was no evidence of authority in Mr. Maul to consent to an assignment of the policy or to waive the condition that it should become void if assigned without the company's consent, or if a change in the title

occurred. This is not like Lamberton v. Connecticut Fire Ins. Co. 39 Minn. 129, 39 N. W. 76, 1 L. R. A. 222, where "confessedly, the agent whose conduct is in question, had authority to give such consent by indorsing the same upon the policy." In that case a vacancy permit. We think the direction for a verdict for plaintiff was right. The judgment is affirmed.