216 F.2d 120
 UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a corporation, Appellant,
v.
Cecilia J. KOWALCZYK, Raymond Kowalczyk, Julius Zappa, Eugene Kruse, James Acker, William Labovich and Sam Leeson, Appellees.
 No. 15055.
 United States Court of Appeals, Eighth Circuit.
 October 13, 1954.
 
 Robert L. Schnell, Minneapolis, Minn. (Brenner & Schnell, Minneapolis, Minn., on the brief), for appellant.
 Harry H. Peterson, Minneapolis, Minn., for appellees, Cecelia J. and Raymond Kowalczyk.
 Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.
 WOODROUGH, Circuit Judge.
 
 
 1
 The appellant insurance company brought this action to obtain a declaratory judgment that a certain policy of automobile liability insurance issued by it to the defendant Cecelia J. Kowalczyk was not in force at the time of an accident occurring during the term of the policy in which the car described in the policy was involved and liability for personal injury damages was claimed to have resulted. It was alleged in the complaint that said defendant had represented and warranted to the insurance company that she was the sole owner of the car and the policy contained the provision that "the named insured is the sole owner of the automobile * * *" whereas the actual owner was her minor son, Raymond Kowalczyk. In their several answers and counterclaims mother and son alleged that the insurance company issued the policy with full knowledge that the automobile was purchased for the son with the son's money and taken and registered in the name of the mother and an extra premium was demanded and accepted by the company on account of the minority of the son and that it was the intention of the parties that the plaintiff so insure said Cecelia Kowalczyk as the holder of the legal title to the car for the benefit of said Raymond and the insurance company "was estopped from denying the legal title and ownership of said automobile to be otherwise than as stated in said insurance policy." The case was tried to the court and judgment was rendered against the insurance company in favor of the defendants and counterclaimants declaring that the insurance policy was in full force and effect insuring the defendants mother and son at the time of the accident.
 
 
 2
 The record includes the "Memorandum Opinion" filed by the court and findings of fact and conclusions of law "consistent with the opinion" supporting the judgment and as the only contentions presented for reversal by the appellant insurance company are that "the court erred in finding [certain matters] as facts" we set forth the full substance of the court's Memorandum Opinion:
 
 
 3
 "The controlling facts may be stated as follows: Raymond Kowalczyk, a minor, was injured in a railroad accident, and he was required to undergo the amputation of his right leg. He obtained a verdict in a suit against the railroad company and the amount of the recovery was placed in trust in the name of his mother, Cecelia J. Kowalczyk. Due application was made to the Court during Raymond's minority by Cecelia Kowalczyk as Trustee for an allowance of sufficient trust funds to be used for the purchase of a car for Raymond's use. It was represented to the Court that, in view of the accident Raymond sustained, the artificial limb which he was required to wear made it difficult for him to go to and from his place of work and that the use of an automobile would greatly lessen the ordeal that he was undergoing in trying to travel on streetcars and other modes of transportation. The Court granted the application and permitted Mrs. Kowalczyk to withdraw the sum of $2,700 for the purchase of a car. Raymond went to the Brellenthin Chevrolet Company and made arrangements with a salesman of the company by the name of Braden for the purchase of a 1952 Chevrolet, serial number KAD 464189. Braden was informed that Raymond was to be the sole owner of the car, but that because Raymond was a minor, the title of the car would have to be taken in the name of his mother, Cecelia Kowalczyk, and that the gas pedal of the car would have to be on the left side because of the limitation in the use of Raymond's right leg. Braden also was informed, and understood, that the check for the purchase of the car under the Court's order was in Cecelia Kowalczyk's possession, and for that reason after the deal had been completed between Raymond and Braden, they went to the Kowalczyk home where Raymond lived with his parents. The purpose of this trip was to consummate the purchase of the car, and the trust fund check for $2,700 was delivered by Mrs. Kowalczyk to Braden. At this time, the question of insurance was brought up by Raymond's father. The parties discussed the matter of insurance and the amount of protection that should be afforded by an appropriate insurance policy, and in that the title of the car was to be taken in the name of Raymond's mother, Braden made it clear that the insurance had likewise to be issued in her name. During this conversation, Braden informed the Kowalczyks that the Brellenthin Chevrolet Company had an insurance department, and while he was not a member of that department, he would arrange for the insurance application to be presented to the proper insurance representative. He stated that, in that Raymond was under 21, there would be an additional premium because of the fact that Raymond was to drive the car. However, he assured Mrs. Kowalczyk that the insurance policy would provide complete coverage for Raymond in his use of the car. Thereafter, an application for insurance in the plaintiff company was presented by Braden and signed by Cecelia Kowalczyk. This application was in part filled out by Braden and in part by one Doering of the insurance department of the Brellenthin Chevrolet Company. The information Doering inserted in the application was received by him from Braden. The application was signed on July 17, 1952, and the policy was thereafter issued by the plaintiff in the name of Cecelia Kowalczyk and delivered by mail to her on August 1, 1952.
 
 
 4
 "It appears that the Brellenthin Insurance Agency was a department of the Brellenthin Chevrolet Company, a corporation. Obviously, the purpose of the insurance agency as a department of the automobile company, which was located in the same building, was to take advantage of the opportunities afforded thereby to write insurance on automobiles purchased from the sales department of the company. Where an automobile agency sells cars and also acts as an insurance agency writing automobile insurance, it necessarily depends upon its automobile salesmen to act at least as initial agents for the insurance company in directing the prospects to the insurance agency. And it is clear that such practice was followed in the procuring of the present insurance. That practice is one way in which an automobile insurance agency can function as an integral part of an automobile sales agency. Braden, with the information imparted to him by the Kowalczyks, proceeded to take the application for insurance in the name of Cecelia Kowalczyk. In doing so, he was assisting and aiding the insurance department in the procuring of this insurance. The name of the agent in the application was noted as Brellenthin Chevrolet Company.
 
 
 5
 "Here, there was an absence of any misrepresentation on the part of Raymond Kowalczyk or his parents. There was no misstatement which increased the risk of loss. There was no intent to deceive. All of the facts and circumstances surrounding this purchase and the use of the car were communicated to Braden, and his knowledge therefore became the knowledge of the Brellenthin Chevrolet Company and the knowledge of the insurance department of the Chevrolet Company became the knowledge of this plaintiff insurer. Under these circumstances, it seems clear that Braden became the agent for the insurer and his knowledge is imputed to the insurer. Rommel v. New Brunswick Fire Ins. Co., 214 Minn. 251, 8 N.W.2d 28. The principle stated by Dunnell in 3 Dunnell's Minnesota Digest, Section 4681, is applicable herein:
 
 
 6
 "`Facts known when issuing policy — A company waives any breach of conditions resulting from facts known to it, directly or through its agents, at the time it issued the policy and accepted the premium. A stipulation in a policy contrary to this rule held ineffectual. Knowledge on the part of the representative of the insurer of the falsity of an answer to a question in the application for the policy, which he reduced to writing, is imputed to the insurer, and it will not be allowed to avoid its contract because of the misstatement in the application.'
 
 
 7
 "During the term of the policy, Raymond had an accident when he was driving his car and the defendants other than the Kowalczyks are individuals who are alleged to have claims against Raymond Kowalczyk and Cecelia Kowalczyk by reason of such accident. Plaintiff contends that the policy is void and of no effect because the named insured was not the owner of the automobile and that Raymond Kowalczyk was the owner. It relies on the following provision in the policy: `Item 6. * * * the named insured is the sole owner of the automobile except as herein stated: no exceptions.'
 
 
 8
 "My view is that under the circumstances plaintiff has waived any defense it might have had by reason of the fact that Raymond was the owner of the car, and the insurance policy, in accordance with the application of insurance, was issued in the name of Cecelia Kowalczyk. The insurance agency of the Brellenthin Chevrolet Company, through Braden, knew that Cecelia Kowalczyk held the automobile in her name in trust for Raymond, and it knew that the automobile was purchased for Raymond's benefit. It was informed of all the facts and circumstances which required that the title to the car and the insurance policy be in the name of Cecelia Koalczyk instead of Raymond Kowalczyk. It knew not only that Raymond was going to drive the car, but likewise was informed that he was going to have the sole use thereof. Under such circumstances, it would be a grave injustice to permit an insurer to escape liability on the policy of insurance which it issued.
 
 
 9
 "A declaratory judgment therefore must be rendered herein to the effect that the insurance in question was in full force and effect on the automobile referred to in the policy and at the time of the accident referred to in the complaint for the protection of Raymond Kowalczyk and Cecelia J. Kowalczyk."
 
 
 10
 (1). The appellant complains that "the Court erred in finding as fact that Braden was the agent of the plaintiff and that his knowledge was attributable to plaintiff." It stressed the testimony that the question of insurance was brought up by Raymond's father and not by Braden; that Braden was not a licensed insurance agent; that although the Brellenthin Company which employed Braden was named in the policy application as the insurance agent, Braden was not in the insurance department of that company. It also attributes weight to the response Mrs. Kowalczyk made to the question:
 
 
 11
 "So that it was clear in your mind, was it, that Mr. Braden was not an insurance agent?"
 
 
 12
 "Yes, but he was going to take care of it for me."
 
 
 13
 Appellant also contends that Rommel v. New Brunswick Fire Ins. Co., 214 Minn. 251, 8 N.W.2d 28, cited by the trial court in support of its finding respecting the agency of Braden was not applicable because it dealt with fire insurance and not with liability insurance. It is pointed out that the Minnesota Statute, Chapter 65, M.S.A. § 65.05, includes a provision that,
 
 
 14
 "Every person who solicits insurance and procures an application therefor shall be held to be the agent of the party afterwards issuing insurance thereon * * *",
 
 
 15
 but the contention is made that the provision is related to fire insurance and not to automobile insurance.
 
 
 16
 We think the finding that "Braden became the agent for the insurer and that his knowledge is imputed to the insurer" is supported by the evidence and is in accord with the applicable Minnesota law. Mrs. Kowalczyk's testimony that "Mr. Braden was going to take care of it for me" was consistent with the fact as found by the court that Braden did "take care of" the integrated transaction of selling the car and effecting the insurance. In Rommel v. New Brunswick Fire Ins. Co., 214 Minn. 251, 8 N.W. 2d 28, 33, cited to the point by the trial court the Supreme Court of Minnesota quoted with approval "`Insurance agents generally transact their business by and through employees, and when they do so, the acts of those employees are as binding upon the insurance company as though done by the agents themselves.'" Braden was directly within the principle so declared when he accomplished the sale of both the automobile and the insurance thereon in furtherance of the business and for the benefit of his employer, the Brellenthin Company. Cf. Bennett v. Council Bluffs Ins. Co., 70 Iowa 600, 31 N.W. 948; Steele v. German Ins. Co. of Freeport, 93 Mich. 81, 53 N.W. 514, 18 L.R.A. 85. Upon facts closely analogous to those presented here judgments against the insurance companies were sustained in Royal Indemnity v. Hook, 155 Va. 956, 157 S.E. 414, and T. H. Hayes & Sons v. Stuyvesant Ins. Co., 194 Tenn. 35, 250 S.W.2d 7. The findings as to Braden's agency and the knowledge attributed to the insurer were not erroneous.
 
 
 17
 In Andrus v. Maryland Casualty Co., 91 Minn. 358, 98 N.W. 200, 201, the Supreme Court of Minnesota having declared it to be well settled that the issuance and delivery of a policy with knowledge of facts making it inoperative at its inception is a waiver of all conditions inconsistent with the known facts, stated, "This is the rule respecting fire insurance policies, and is applicable to the case at bar." The "case at bar" involved a policy of liability insurance indemnifying against damages for personal injuries as does the policy herein. We do not find the trial court in error in failing to differentiate between fire insurance law and the law here applicable.
 
 
 18
 (2). Appellant contends that the court erred in finding that "an additional premium was charged because Raymond Kowalczyk was to be a user and operator [of the car]." The point under this contention is that the insurance application recited only that a person under 25 years of age would operate the car and did not disclose that the person was the minor Raymond Kowalczyk. But the proof was that the gas pedal of the car was changed over to the left side to enable Raymond Kowalczyk, a minor who was obliged to wear an artificial leg, to operate it and Braden effected the sale of the car and the issuance of the insurance to meet that situation. Raymond testified that "Mr. Braden said the premium would be higher because a minor was driving" and Mr. Braden's testimony included the statement, "I explained that the policy would cost more because there would be a minor who could drive but that the insurance would cover any one who drove the car * * *. The only minor I know of was Raymond." As this knowledge of Braden is imputed to the insurance company it must be held to have known that the minor Raymond was to drive the car.
 
 
 19
 (3). A point is made for appellant that the court erred in finding that the application for insurance contained a statement that Raymond was under age and would operate the car whereas the application contained no such statement.
 
 
 20
 This finding concerning the content of the written insurance application appears to have been included in the formal findings through inadvertence. The application does not contain Raymond's name nor his age nor the fact that he would use the car. But the opinion of the court which directs formal findings to be drawn in accordance with its terms does not reflect that mistake. The opinion shows that the court was aware of the contents of the insurance application and the judgment was not rested in any degree upon a mistake as to such contents. This point argued is not sustained.
 
 
 21
 (4). Appellant also contends that the court erred in finding that the plaintiff waived any breach of the condition of the application.
 
 
 22
 As to this point, we think the trial court correctly held that "under the circumstances [detailed in its opinion] plaintiff waived any defense it might have had by reason of the fact that Raymond was the owner of the car and the insurance policy in accordance with the application was issued in the name of Cecelia Kowalczyk." It is well settled in Minnesota that an insurer is deemed to waive breaches of the conditions of its policy of which it has knowledge at the time of issuance. The cases are cited in Notes 87-89 to Section 4681 of 2 Dunnell, Minn.Digest. As knowledge of all of the facts concerning the acquisition, ownership and insurance of the car in this case was imputed to the insurance company this point is not sustained.
 
 
 23
 (5). Appellant has cited and relied upon Burchard v. Hull, 71 Minn. 430, 74 N.W. 163; Mooney v. Jones, 238 Minn. 1, 54 N.W.2d 763, and Lee v. Peoples Co-op Sales Agency, Inc., 201 Minn. 266, 276 N.W. 214, but our examination of those cases has not persuaded that they conflict with the decision herein.
 
 
 24
 As we find no error in the judgment appealed from it is in all respects affirmed.